Opinion issued March 24, 2005






















In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00529-CR
          01-04-00530-CR
          01-04-00531-CR
          01-04-00532-CR




GLENN FLOYD SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause Nos. 98CR0525, 97CR0080, 
98CR0748, and 98CR0037




MEMORANDUM OPINION

          Appellant, Glenn Floyd Smith, challenges the convicting court’s order denying
his motion for post-conviction DNA testing. On appeal, appellant’s appointed
counsel filed an Anders brief stating that he had not found arguable grounds for
appeal. Appellant filed a pro se response to counsel’s Anders brief asserting four
issues that he believed constituted arguable grounds for appeal. Appellant contends
that the trial court erred (1) in denying that it had jurisdiction to grant a new trial, (2)
in denying his post-conviction motion for DNA testing, and (3) in refusing, during
the hearing on the motion for DNA testing, to allow appellant to read a statement he
had prepared. In addition, appellant contends he was denied effective assistance of
counsel during his DNA hearing because his appointed counsel failed to call certain
witnesses.
          We conclude that appellant has raised no arguable grounds for appeal, we
affirm, and we grant appellant’s counsel’s motion to withdraw.
BACKGROUND
          In July 1998, appellant pleaded not guilty to four separate causes of aggravated
sexual assault of a child, committed in 1996. A jury found him guilty in each cause
and assessed punishment at 18 years’ confinement in each cause. On appeal, these
convictions were affirmed. Smith v. State, Nos. 14-98-01106-CR, 14-98-01107-CR,
14-98-01108-CR, 14-98-01109-CR, 2000 WL 1638207 (Tex. App.—Houston [14th
Dist.] Nov. 02, 2000, pet. ref’d) (not designated for publication). 
          In July 2002, appellant moved for post-conviction forensic DNA testing. Tex.
Code Crim. Proc. Ann. art. 64.01-.05 (Vernon Supp. 2004-2005). The State filed
a written response with the convicting court stating that it could not produce evidence
for testing because no biological materials still exist. The State attached the affidavit
of University of Texas Medical Branch Hospital (“UTMB”) stating that a DNA probe
had been taken of one of the children, Ki.S., in 1998 for testing for sexually
transmitted disease, but this evidence was destroyed and UTMB no longer has any
evidence in appellant’s case. After a hearing, the convicting court denied the motion,
finding no DNA available for testing. 
Anders Procedure
          Under Anders, once appellant’s court-appointed counsel files a motion to
withdraw as counsel and files a brief in which he concludes that there are no arguable
grounds for appeal, we review the record and make an independent determination. 
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We consider any pro se
response appellant may file to the Anders brief, but we do not rule on the ultimate
merits of his response. Downs v. State, 137 S.W.3d 837, 839 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref’d). If we find arguable grounds for appeal, we must abate
the appeal, remand the case to the trial court, and allow the court-appointed attorney
to withdraw. Stafford, 813 S.W.2d at 511. The trial court then must either appoint
another attorney to present all arguable grounds for appeal or allow the defendant to
proceed pro se if he desires. Id.
Denial of Motion for DNA Testing 
          In his second issue, appellant contends that the convicting court reversibly
erred in denying his motion for DNA testing because the State failed to show that no
biological materials are available for testing. Appellant contends that, although
biological material obtained from the 1998 DNA probe no longer exists, other
material may exist under a different name, classification, or spelling at UTMB or at
another agency.
          Chapter 64 of the Code of Criminal Procedure allows a convicting court to
order post-conviction forensic DNA testing only if:
          (1)     the court finds that:
                    (A)    the evidence:
                              (i)      still exists and is in a condition making DNA testing
possible; and 
                              (ii)     has been subjected to a chain of custody sufficient to
establish that it has not been substituted, tampered
with, replaced, or altered in any material respect; 
and
                    (B)    identity was or is an issue in the case; and
          (2)     the convicted person establishes by a preponderance of the
evidence that:
                    (A)    a reasonable probability exists that the person would not
have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing; and
                    (B)    the request for the proposed DNA testing is not made to
unreasonably delay the execution of a sentence or
administration of justice. Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004–2005). 
          In response to appellant’s motion for DNA testing, the State was required to
either deliver its evidence to the court or explain in writing why the evidence could
not be delivered. Id. art. 64.02(2); Cravin v. State, 95 S.W.3d 506, 509 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). The State responded that it had
investigated and determined that no biological evidence exists; thus, no such evidence
could be delivered. The State offered the affidavit of Carol Chachere, records
custodian at UTMB, to show that, although a DNA probe was taken from Ki.S. to
check for sexually transmitted disease in 1998, the material was destroyed seven days
after it was taken through the normal course of business at UTMB. Further, the State
pointed out that this probe was taken two years after the sexual assault of Ki.S.,
making it unlikely that any DNA material concerning offenses in 1996 would exist.
          An evidentiary hearing was held on appellant’s motion. Appellant conceded
that he was granted full access to all medical records and that no biological evidence
is available for DNA testing. Appellant and his counsel also testified that they had
obtained police records, medical records, and records of Child Protective Services
(“CPS”), and had determined that no material was collected other than that by UTMB.
          Appellant contends that, although UTMB no longer has the materials from the
1998 testing, the State failed to establish that biological materials do not exist in some
other place and the convicting court denied him the ability to inquire. However, the
“State was not required to obtain affidavits from every criminal justice department in
the county” to show that there is no other evidence. See Thompson v. State, 123
S.W.3d 781, 786 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d). In addition, the
State’s obligation to disclose exculpatory evidence does not authorize appellant to
search the law enforcement agency’s evidence room or conduct an independent
search of government files. See In re State, 116 S.W.3d 376, 381–82 (Tex. App.—El
Paso 2003, no pet.) (citing Weatherford v. Bursey, 429 U.S. 545, 559, 97 S. Ct. 837,
846 (1977) (concluding that “there is no general constitutional right to discovery and
Brady did not create one”)). 
          We conclude that the State’s response was sufficient to enable the trial court
to determine that no evidence exists for DNA testing under article 64.03. See Cravin,
95 S.W.3d at 511. The convicting court properly determined that appellant failed to
meet his burden to establish that evidence still exists that could be tested, pursuant
to the first prong of article 64.03. Tex. Code Crim. Proc. Ann. art. 64.03(a). The
convicting court’s denial of appellant’s motion for DNA testing could be affirmed on
this basis alone. See Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002)
(concluding that DNA testing may not be ordered unless the statutory preconditions
are met). 
          We conclude that there is no merit to appellant’s second issue.
Motion for New Trial 
           In his first issue, appellant contends that the trial court erred in denying that
it had jurisdiction to grant his motion for a new trial.


 The State contends that this
Court does not have jurisdiction to consider whether a new trial should have been
granted. 
          Appellant’s punishment was imposed September 8, 1998, and appellant filed
a motion for new trial on March 8, 2004. During the DNA hearing, the convicting
court explained that it no longer had jurisdiction to grant a new trial, pursuant to Rule
21.4. Tex. R. App. P. 21.4. Rule 21.4 states that “a defendant may file a motion for
new trial before, but no later than 30 days after, the date when the trial court imposes
or suspends sentence in open court.” Id. Because appellant filed his motion for new
trial almost six years after the trial court imposed his sentence, the convicting court
did not have jurisdiction to consider appellant’s motion for new trial and properly
restricted the scope of the proceeding to a determination of whether DNA evidence
still exists.We conclude that there is no merit to appellant’s first issue. 
Denial of Request to Read Statement
          In his third issue, appellant contends that the trial court erred in denying his
request to read into the record a statement he prepared in support of his request for
a new trial. Specifically, appellant contends that his statement demonstrated that
prosecution withheld the 1998 DNA probe, which was potentially exculpatory
material in violation of Brady. The trial court denied his request to read the statement
but admitted it as a trial record.
          Rules of Evidence 401 and 402 state that evidence that is not relevant is
inadmissible. Tex. R. Evid. 401, 402. Having determined that the trial court did not
have jurisdiction to grant a new trial and that the scope of its hearing was properly
limited to a determination of whether DNA evidence existed, we find that the trial
court properly excluded any evidence not relevant to making that specific
determination.
          We conclude that there is no merit to appellant’s third issue. 
Ineffective Assistance of Counsel
          In his fourth issue, appellant contends that he was denied effective assistance
of counsel because his counsel failed to present certain testimonial evidence during
the hearing on the motion for DNA testing. Specifically, appellant contends that his
counsel failed to call records custodians to testify.
          In considering whether counsel’s assistance was so defective that a reversal of
the conviction is warranted, we determine (1) whether counsel’s performance was
deficient and (2) whether, but for counsel’s deficient performance, the result of the
proceeding would have been different. Hernandez v. State, 988 S.W.2d 770, 770 n.3
(Tex. Crim. App. 1999) (discussing the standard articulated in Strickland v.
Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984)). Appellant must show
ineffective assistance by a preponderance of the evidence. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). In addition, appellant must overcome the
“strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance” or might reasonably be considered sound trial strategy. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
          As to the first prong of the Strickland standard, appellant must show errors
“firmly founded in the record” to support his claim of deficient performance. 
Thompson, 9 S.W.3d at 813. Here, appellant claims that his counsel failed to call the
following records custodians: Carol Chachere for UTMB, Vanessa Paelicke for CPS,
and Tom Karlock for the Galveston Police Department. Appellant claims that his
counsel should have sought testimony as to whether any DNA evidence or biological
evidence was in the possession of any of these organizations and why UTMB
destroyed the DNA probe materials. 
          The record shows that, during the hearing, appellant conceded that these
agencies had already answered that they were not in possession of any evidence in
appellant’s case. Further, the affidavit from UTMB states that the evidence it collects
is routinely destroyed after seven days through the course of regular business.
Appellant has not shown that any testimony by these witnesses would have been
necessary or that his counsel’s performance was deficient because he did not call
these witnesses.
          The record fails to support appellant’s contentions that counsel was ineffective,
and we will not make a finding of ineffectiveness based on speculation. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Downs, 137 S.W.3d at 842.
          We conclude that there is no merit to appellant’s fourth issue.
Conclusion
          After considering appellant’s pro se response and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds 
for appeal. We affirm the judgments of the trial court and grant appellant’s counsel’s
motion to withdraw.



 

                                              Laura Carter Higley
                                              Justice
 
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).