Keith Hamilton **DOWNS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–03–00282–CR, 01–03–00283–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 2004.

Rehearing Overruled June 9, 2004.

J.C. Carroll, Lambright & Lambright, Houston, TX, Keith Hamilton Downs, Huntsville, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Dan McCrory, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION ON MOTION FOR REHEARING

ELSA ALCALA, Justice.

Appellant, Keith Hamilton Downs, has filed a pro se motion for rehearing of our opinion issued on March 18, 2004. We grant rehearing and withdraw our opinion and judgment of March 18, 2004, and issue this opinion in its stead.

Appellant was charged by separate indictments with two felony offenses of aggravated robbery with a deadly weapon. Appellant pleaded guilty to the charges without an agreed recommendation for punishment from the State, and, following a pre-sentence investigation (PSI) hearing, the trial court sentenced appellant to 40 years' confinement and a $10,000 fine for each offense. On appeal, appellant's appointed counsel filed an *Anders* brief[1] stating that he had not found any arguable grounds for appeal. Appellant filed a pro se response to counsel's *Anders* brief asserting three issues that he believed constituted arguable grounds for appeal. Appellant contends that his pleas of guilty were unknowing and involuntary because the trial court and trial counsel erroneously informed him that community supervision was available as a possible punishment, and that he was denied effective assistance of counsel because his trial counsel did not elicit certain mitigating evidence with respect to his punishment. We conclude that appellant has raised no arguable grounds for appeal, affirm, and grant appellant's counsel's motion to withdraw.

### *Anders* Procedure

Under *Anders,* after this Court receives a brief from the defendant's court-appointed attorney claiming that there are no arguable grounds for appeal, we must review the record to make an independent determination. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We consider any pro se response that the defendant may file to the *Anders* brief, but we do not rule on the ultimate merits of the defendant's pro se response. If we determine that there are arguable grounds for appeal, we must abate the appeal, remand the case to the trial court, and allow the court-appointed attorney to withdraw. *Id.* The trial court must then either (1) appoint another attorney to present all arguable grounds for appeal or (2) allow the defendant to proceed pro se if the defendant so desires. *Id.* at 511.

### Voluntariness of Plea

In his first two issues, appellant claims that his pleas of guilty were unknowing and involuntary because (1) the trial court failed to admonish him that community supervision was not an available punishment for the felony offense of aggravated robbery, and (2) his trial coun-

1. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

sel erroneously advised him that he was eligible for community supervision.

■ The voluntariness of a plea is determined by the totality of circumstances. *Lopez v. State,* 25 S.W.3d 926, 928 (Tex.App.-Houston [1st Dist.] 2000, no pet.). There is a presumption of regularity of the judgment and the proceedings, and the burden is on the defendant to overcome this presumption. *Id.* When, as in this case, the defendant waives a court reporter at the plea hearing, the burden is nonetheless on the defendant to see that a sufficient record is presented on appeal to show error. *See id* at 928–29. Here, both judgments provide as follows:

> The Defendant waived his right of trial by jury, and pleaded as indicated above [guilty of aggravated robbery]. Thereupon, the Defendant was admonished by the Court as required by law. It appearing to the Court that the Defendant is mentally competent to stand trial, that the plea is freely and voluntarily made, and that the Defendant is aware of the consequences of his plea; the plea is hereby received by the Court and entered of record.

In the absence of an affirmative showing to the contrary, the foregoing recitation in the judgment is entitled to a presumption of regularity. *Id.* at 929.

### Court Admonishments

Appellant waived the right to have a court reporter record his plea of guilty and sentencing hearing, and the record is silent concerning whether appellant also received oral admonishments in addition to the written ones. Thus, we do not know whether the trial court admonished him orally about his ineligibility for community supervision for aggravated robbery under the Code of Criminal Procedure Article 42.12, Sections 3 and 3g. Tex.Code Crim. Proc. Ann. art. 42.12 §§ 3, 3g (Vernon Supp.2004).

Even if appellant received only written admonishments from the court concerning community supervision, however, those written admonishments were substantially correct. Appellant was admonished for each of his offenses that:

> (1) you are charged with the felony of aggravated robbery ... If convicted, you face the following range of punishment:
>
> **FIRST DEGREE FELONY:** a term of life or any term of not more than 99 years or less than 5 years in the Institution Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be assessed.

Each admonishment included an acknowledgment by appellant concerning deferred adjudication, which stated as follows:

> (7) I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec.3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the assessment of guilt and my right to appeal continue as if adjudication of guilt had not been deferred.

The written admonishments from the court also include appellant's acknowledgment that:

> (8) I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney.
>
> . . .

(11) Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea.... I am totally satisfied with the representation provided by my counsel and I received effective and competent representation....

Appellant initialed each written admonishment at the beginning of each document. Appellant, his trial attorney, the State's attorney, and the trial court judge each signed the last page of the documents, which contained all of the written admonishments, statements, and waivers by appellant.

██ A trial court has an affirmative duty to admonish a defendant on the "range of punishment attached to the offense" before the court may accept any plea of guilty. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp.2004). A trial court has no duty to admonish a defendant about his eligibility for community supervision. *Ex Parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim.App.1986); *Richard v. State*, 788 S.W.2d 917, 919 (Tex. App.-Houston [1st Dist.] 1990, no pet.). The Court of Criminal Appeals has "long held" that the range of punishment that must be included in the required admonishment does not include community supervision. *Williams*, 704 S.W.2d at 775. However, if a court volunteers information about community supervision, the information provided must be accurate. *Id.* at 775; *Richard*, 788 S.W.2d at 919. A guilty plea is involuntarily induced, therefore, if it is shown that: (1) the trial court volunteered an admonishment that included information on the availability of community supervision, thereby creating an affirmative duty to provide accurate information on the availability of community supervision; (2) the trial court provided inaccurate information on the availability of community supervision, thereby leaving the defendant unaware of the consequences of his plea; and (3) the defendant was misled

or harmed by the inaccurate admonishment. *Williams*, 704 S.W.2d at 776–77; *Tabora v. State*, 14 S.W.3d 332, 334 (Tex. App.-Houston [14th Dist] 2000, no pet.).

Because the written documents concerning appellant's pleas do not advise appellant of any eligibility for probation or community supervision under the Code of Criminal Procedure article 42.12, section 3, the record before us does not show that appellant was misled by the trial court. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 §§ 3, 3g; *Williams*, 704 S.W.2d at 776–77; *Tabora*, 14 S.W.3d at 334; *Richard*, 788 S.W.2d at 919. The record reflects that the trial court correctly advised appellant concerning the possibility of receiving community supervision or probation only through deferred adjudication pursuant to the Code of Criminal Procedure article 42.12, section 5, for which appellant was eligible. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5 (Vernon Supp.2004).

### *Attorney's Advice*

██ Appellant contends that the motion for community supervision, signed by appellant, and requesting that "the judge presiding place me on community supervision" indicates that he was misadvised by his attorney concerning his eligibility for probation. We will not speculate concerning appellant's trial attorney's reasons for filing the motion for probation and the discussions between appellant and his attorney. *See Powers v. State*, 727 S.W.2d 313, 315–16 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd). An attorney could have correctly advised appellant that he could receive probation or community supervision through deferred adjudication for the offenses. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(d) (Vernon Supp.2004). Appellant raises other complaints concerning his attorney's advice about his eligibility for community supervision by the court, but these are not supported by the record.

Accordingly, we will not accept appellant's assertations as fact. *See Gelabert v. State,* 712 S.W.2d 813, 816 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd).

We conclude that there is no merit to appellant's first and second issues.

### Ineffective Assistance of Counsel

In his third issue, appellant claims that he was denied effective assistance of counsel because his trial counsel failed to present evidence during the sentencing hearing.

To be entitled to a new trial based on ineffective assistance, an appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and that (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55–56 (Tex.Crim.App.1986). The defendant bears the burden to prove ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. A claim of ineffective assistance of counsel must be firmly supported in the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).

Appellant contends that his trial counsel failed to introduce mitigating evidence during the sentencing hearing, including character witnesses and medical evidence demonstrating his drug dependency and confused mental state. Because appellant waived his right to have a court reporter record the sentencing hearing, there is no record of the evidence that appellant's trial counsel presented. We conclude that the record fails to support appellant's contentions concerning trial counsel's actions during the sentencing hearing. *See McFarland,* 928 S.W.2d at 500. Appellant has failed to establish that trial counsel was ineffective, and we will not make a finding of ineffectiveness based on speculation. *See Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.).

We conclude that there is no merit to appellant's third issue.

### Conclusion

After reviewing appellant's pro se responses and conducting an independent examination of the appellate record, we conclude that there are no arguable grounds for appeal. Accordingly, we affirm the judgment of the trial court and grant appellant's counsel's motion to withdraw.[2]

---

**2.** Counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex Parte Wilson,* 956 S.W.2d 25, 25 (Tex.Crim.App. 1997); *Stephens v. State,* 35 S.W.3d 770, 771 (Tex.App.-Houston [1st Dist.] 2000, no pet.).