Opinion Issued December 15, 2005











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00779-CR




ALBERT ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 957446




MEMORANDUM OPINION
          Appellant, Albert Adams, pleaded not guilty to aggravated sexual assault of a
child, and a jury convicted appellant and assessed punishment at 65 years’
imprisonment. On appeal, appellant’s appointed counsel filed an Anders


 brief stating
that he had not found arguable grounds for appeal. Appellant filed a pro se response
to counsel’s Anders brief asserting seven points of error, which he contends constitute
arguable grounds for appeal. Appellant’s seven points of error raise two issues for
review: (1) whether the evidence is factually insufficient to support his conviction,
and (2) whether his trial counsel was ineffective. We conclude that appellant has
raised no arguable grounds for appeal, affirm, and grant appellant’s counsel’s motion
to withdraw.
BACKGROUND
          In the summer of 1995, Rosa Asif took her two nephews and her niece, M.G.,
who was five or six years old, to appellant’s apartment to visit. While Rosa and
appellant visited, the children played computer games in appellant’s bedroom. 
Because Rosa had to leave momentarily, she allowed the children to stay and play on
the computer while appellant watched them. 
          After Rosa left, appellant asked M.G. if she was hungry, and M.G. said she
was. The two left the boys in appellant’s bedroom and walked to the kitchen. 
Appellant grabbed a stool, placed it in front of M.G., and pushed her towards it. 
Appellant then covered M.G.’s mouth with one hand and pulled down M.G.’s shorts
and underwear with the other hand. Appellant inserted his finger “in [M.G.’s]
vagina” and began “moving it around.” After approximately five minutes, appellant
stopped, told M.G. to pull up her shorts, and said that “if [she] said anything, nobody
was going to believe [her].” About thirty minutes later, Rosa returned, visited more
with appellant, and then left with all of the children. After M.G. arrived home, she
told her grandmother, Cecilia,


 everything that appellant had done to her.


 Despite
this outcry, the police never became involved.
          From that day in 1995 until 2002, M.G. avoided appellant and saw him only
one time. In 2002, M.G. was playing bingo with Rosa and her grandmother, Elvira,
when appellant stopped by looking for Rosa. After appellant and Rosa left, Elvira
told M.G. that she thought appellant was a “good guy.” At that point, M.G. told
Elvira everything that appellant had done to her, and Elvira called the police. 
FACTUAL SUFFICIENCY
          In his first issue, appellant complains there is factually insufficient evidence
to support his conviction. In a factual-sufficiency review, we view all of the evidence
in a neutral light, and we will set aside the verdict only if the evidence is so weak that
the verdict is clearly wrong and manifestly unjust, or if the contrary evidence is so
strong that the standard of proof beyond a reasonable doubt could not have been met. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v.
State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer to the fact
finder to avoid substituting our judgment for the judgment of the fact finder. Zuniga,
144 S.W.3d at 482. Our evaluation may not intrude upon the fact finder’s role as the
sole judge of the weight and credibility accorded any witness’s testimony. Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).
          Although M.G. is a child, her testimony alone is sufficient to support
appellant’s conviction. Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d) (citing Ruiz v. State, 891 S.W.2d 302, 304 (Tex.
App.—San Antonio 1994, writ ref’d)). M.G. testified that, after she and appellant
walked to the kitchen, he grabbed a stool, placed it in front of her, and pushed her
towards the stool. Appellant covered her mouth with one hand and pulled M.G.’s
shorts and underwear down with the other hand. M.G. testified she next remembers
“feeling his finger” “in [her] vagina.” When asked how she could tell where
appellant’s fingers were, M.G. testified that appellant was “moving [his fingers]
around” and that “it hurt [her vagina]” “on [her] inside.” After appellant stopped,
M.G. pulled up her shorts, and appellant told her that “if [she] said anything, no one
would believe [her.]” 
          In appellant’s argument, he does not cite any evidence that he contends
undermines the trier of fact’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003) (stating that appellate courts are required to consider the most
important evidence that the appellant claims undermines the jury’s verdict). In his
brief, appellant’s statement of facts highlight that M.G. testified she did not know the
difference between the “outside and inside of the vagina,” and that, when asked
whether appellant “touch[ed] [her vagina],” she stated he did not. This evidence,
though, goes to the credibility of M.G. The jury is the exclusive judge of the facts,
the credibility of a witness, and the weight to be given to a witness’s testimony. 
Jaggers v. State, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d). The jury may believe all, some, or none of any witness’s testimony. See
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that jury “could
choose to believe or not believe the witnesses, or any portion of their testimony”). 
A jury decision is not manifestly unjust merely because the jury resolved conflicting
views of evidence in favor of the State. Cain, 958 S.W.2d at 410. After reviewing
all of the evidence in a neutral light, we do not find the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, nor do we find that the contrary
evidence so strong that the standard of proof beyond a reasonable doubt could not
have been met. See Escamilla, 143 S.W.3d at 817. We conclude that appellant’s first
issue is without merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
          In his second issue, appellant contends he was denied effective assistance of
counsel at trial because his trial counsel (1) failed to interview a potential witness, (2)
failed to file a motion to quash the indictment, (3) failed to file additional motions and
gather evidence that was needed before proceeding to trial, and (4) failed to exclude
the introduction of extraneous offenses during the punishment phase.
          Under Strickland v. Washington, to prevail on an ineffective assistance of
counsel claim, the applicant must show that (1) counsel’s performance was deficient
by falling below an objective standard of reasonableness and (2) there is a probability
sufficient to undermine the confidence in the outcome that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). We “indulge a strong presumption that counsel’s conduct falls
within the wide range of reasonable assistance,” and that “the challenged action
‘might be considered sound trial strategy.’” Strickland, 466 U.S. at 689, 104 S. Ct. at
2065 (citing Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1995)).
          Appellate review of defense counsel’s representation is highly deferential and
presumes that counsel’s actions fell within the wide range of reasonable and
professional assistance. Id. 466 U.S. at 690, 104 S. Ct. at 2066. The appellant must
overcome this presumption. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no writ). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. See Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). This Court will not engage
in speculation about trial counsel’s reasoning or strategy. See Bone, 77 S.W.3d at
835.
          In his first claim, appellant asserts that counsel was ineffective because his trial
counsel failed to interview a potential witness. Appellant, though, has failed to show
whom his counsel should have interviewed or how that testimony would have
benefitted his case. The record is void of what this additional evidence consists of,
and without that evidence, we cannot say that trial counsel’s performance fell below
an objective standard of reasonableness for failing to interview a potential witness. 
See Thompson, 9 S.W.3d at 813, 814; see also Downs v. State, 137 S.W.3d 837, 842
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that the absence of a
record will not support an ineffective assistance of counsel claim).
          In his second claim, appellant asserts counsel was ineffective because she
failed to file a motion to quash the indictment. Appellant has not presented any
reason or argument as to why his counsel should have filed a motion to quash the
indictment or any argument that the indictment was defective. See Tex. R. App. P.
38.1(h) (requiring appellant to present a clear and concise argument along with
authorities to support his contentions). To hold trial counsel ineffective for this
alleged failure would call for speculation, which we decline to do. See Gamble, 916
S.W.2d at 93; see Downs, 137 S.W.3d at 842.
          In his third claim, appellant contends his counsel was ineffective because she
failed to file additional motions and gather evidence that was needed before
proceeding to trial. Appellant has failed to indicate what additional motions and what
additional evidence his trial counsel should have filed or should have gathered. See
Tex. R. App. P. 38.1(h). Without that evidence, we cannot say that trial counsel’s
performance fell below an objective standard of reasonableness for failing to file
additional motions and gather additional evidence. See Thompson, 9 S.W.3d at 813-14. Appellant has failed to establish that trial counsel was ineffective, and we will
not make a finding of ineffectiveness based on speculation. Downs, 137 S.W.3d at
842.
          In his fourth claim, appellant contends his trial counsel was ineffective because
extraneous offense evidence was improperly admitted during the punishment phase
of the trial. Specifically, appellant asserts the State did not comply with rules 401 and
404(b) of the Texas Rules of Evidence. 
          During the punishment phase of the trial, the State presented a signed
stipulation where appellant consented to the introduction of two prior convictions for
indecency with a child. Had appellant’s trial counsel made a rule 401 or 404(b)
objection to the introduction of the evidence, the objection would have been without
merit. See Tex. Code Crim. Proc. Ann. art. 37.07 section 3(a)(1) (Vernon Supp.
2005). Article 37.07 section 3(a)(1) provides that, after a finding of guilty,
evidence may be offered by the state . . . as to any matter
the court deems relevant to sentencing, including but not
limited to the prior criminal record of the
defendant . . . and, notwithstanding Rules 404 and 405,
Texas Rules of Evidence, any other evidence of an
extraneous crime or bad act that is shown beyond a
reasonable doubt.

Id. The only question, then, is whether these prior crimes are relevant. See id. When
determining the proper punishment for the crime of aggravated sexual assault of a
child, two prior convictions for indecency with a child are relevant; thus, an objection
to the introduction of these crimes would have been meritless. Accordingly, we
conclude there is no merit to appellant’s second issue. See Passmore v. State, 617
S.W.2d 682, 685-86 (Tex. Crim. App. 1981) (holding that a failure to make a
meritless objection will not support an ineffective assistance of counsel claim).
CONCLUSION
          After reviewing appellant’s pro se response and conducting an independent 
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant
appellant’s counsel’s motion to withdraw.



 
 
 



                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).