Opinion issued July 3, 2008 








 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00509-CR

____________


ROGER LEE SCHOOLER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 995602






MEMORANDUM OPINION

 Appellant, Roger Lee Schooler, without an agreed punishment recommendation
from the State, pleaded guilty to the offense of aggravated kidnapping. (1) The trial
court deferred adjudication of appellant's guilt and placed him on community
supervision for five years. The State subsequently filed a motion to adjudicate
appellant's guilt based on allegations that he violated the terms and conditions of
community supervision by, among other things, failing to report to his community
supervision officer, possessing a controlled substance, namely, methadone, and
failing to submit to a random urine specimen analysis. Appellant pleaded not true to
these allegations. After conducting a hearing on the State's motion to adjudicate
appellant's guilt, the trial court found the above allegations true. After conducting
a separate punishment hearing, the trial court assessed appellant's punishment at
confinement for fifteen years.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error and that the appeal is without merit and is frivolous. See Anders
v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the
requirements of Anders by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for reversal. Id.; see also High v. State,
573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978). The brief also reflects that
counsel delivered a copy of the brief to appellant and advised appellant of his right
to file a pro se response. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991). Appellant has filed a pro se response.

 We note that we do not have jurisdiction to consider claims relating to the trial
court's determination to proceed with an adjudication of guilt on the original charge. 
See Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). However, to the
extent that appellant pursues an appeal from a judgment adjudicating guilt which
relates to the punishment hearing, we do have jurisdiction. See Kirtley v. State, 56
S.W.3d 48, 51-52 (Tex. Crim. App. 2001). The brief reflects that appellant's
punishment was within the range prescribed by the legislature.

 In his pro se response, in one point of error, appellant contends that his trial
counsel rendered ineffective assistance. Appellant's brief is replete only with
references relating to his trial counsel's performance before the punishment phase of
his adjudication hearing, which we do not have jurisdiction to address. See Davis,
195 S.W.3d at 710. In regard to any challenge to appellant's punishment, having
reviewed the entire record, counsel's brief, and appellant's pro se brief, we agree that
the appeal is frivolous and without merit and that there is no reversible error. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--not
counsel--determines, after full examination of proceedings, whether case is "wholly
frivolous"); see Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the judgment of the trial court. We grant counsel's motion to
withdraw. See Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.--Houston [1st
Dist.] 2000, no pet.). (2) 



 

 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 20.04(a) (Vernon 2003).
2. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Downs
v. State, 137 S.W.3d 837, 842 n.2 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd).