Opinion issued August 28, 2008 









 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00392-CR

____________


KENNETH EUGENE HARRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1035080






MEMORANDUM OPINION

 A jury found appellant, Kenneth Eugene Harris, guilty of the offense of failure
to stop and render aid (1) and assessed his punishment at confinement for five years.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error and that the appeal is without merit and is frivolous. See Anders
v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the
requirements of Anders by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for reversal. Id.; see also High v. State,
573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978). The brief also reflects that
counsel delivered a copy of the brief to appellant and advised appellant of his right
to file a pro se response. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991). More than thirty days have passed, and appellant has not filed a pro se
response.

 Having reviewed the record and counsel's brief, we agree that the appeal is
frivolous and without merit and that there is no reversible error. See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 

 We affirm the judgment of the trial court. We grant counsel's motion to
withdraw. (2) See Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st
Dist.] 2000, no pet.) (per curiam). 

 



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Transp. Code Ann. § 550.021 (Vernon Supp. 2008).
2. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Downs
v. State, 137 S.W.3d 837, 842 n.2 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd).