In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00271-CR

____________


DWIGHT RABE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 82nd District Court 

Robertson County, Texas

Trial Court Cause No. 07-04-18268-CR





MEMORANDUM OPINION



 A jury convicted appellant, Dwight Rabe, of aggravated assault with a
deadly weapon (1) and assessed punishment at 10 years' confinement, suspended for
10 years' community supervision. The jury also assessed a $10,000 fine, which
was not suspended. We affirm. 

 Appellant's counsel on appeal has filed a brief stating that the record
presents no reversible error and that the appeal is without merit and is frivolous. 
See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The
brief meets the requirements of Anders by presenting a professional evaluation of
the record and detailing why there are no arguable grounds for reversal. Id.; see
also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978). The
brief also reflects that counsel delivered a copy of the brief to appellant. See
Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Counsel also
informed appellant of his right to file a pro se response, which appellant has done. 

 In his pro se response, appellant contends that (1) the trial court failed to
"recognize [appellant's] right under the Vienna Convention to separate [his]
property from the State of Texas and the United States of America . . . ," (2) the
Sheriff, who was the victim of the crime, acted in retaliation; (3) evidence was
improperly admitted; (4) appellant received ineffective assistance of counsel
because of counsel's failure and/or refusal to call or question certain witnesses; and
(4) the trial court failed "to recognize that the Texas Ranger who investigated the
actions of the parties involved was not unbiest [sic] and was only rubber stamping
of the Sheriff's and his department's actions."

 Having reviewed the record, counsel's brief, and appellant's pro se brief, we
agree with counsel's evaluation that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005). 

Conclusion

 We affirm the judgment of the trial court. (2) 

 We grant counsel's motion to withdraw and overrule any other pending
motions. Appointed counsel must immediately send the notice required by Texas
Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of
this Court.


 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Do not publish. Tex. R. App. P. 47.2(b). 

1. See Tex. Penal Code Ann. § 22.02(a)(2), (b)(2)(B) (Vernon Supp. 2008).
2. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Downs
v. State, 137 S.W.3d 837, 842 n.2 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd).