Opinion issued June 11, 2009

 
















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00354-CR

NO. 01-08-00355-CR

____________


MARCUS DEWAYNE WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause Nos. 1143170 & 1105615






MEMORANDUM OPINION

 A jury found appellant, Marcus Dewayne Williams, guilty of committing the
offense of aggravated assault (1) against two complainants (2) and, after finding true the
allegations in two enhancement paragraphs that appellant had two prior felony
convictions, assessed his punishment at confinement for thirty-five years for each
offense, to run concurrently. 

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error and that the appeal is without merit and is frivolous. See Anders
v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the
requirements of Anders by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for reversal. Id.; see also High v. State,
573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978). The brief also reflects that
counsel delivered a copy of the brief to appellant and advised appellant of his right
to file a pro se response. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991). 

 When this Court receives an Anders brief from a defendant's court-appointed
appellate counsel, we conduct a review of the entire record to determine whether the
appeal is frivolous, i.e., whether it presents any arguable grounds for appeal. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Stafford, 813 S.W.2d at 511. An appeal
is frivolous when it does not present any argument that could "conceivably persuade
the court." In re Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008). In
our review, we consider appellant's pro se response, if any, to his counsel's Anders
brief. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 

 Here, appellant has filed a pro se response, contending in seven issues (3) that the
evidence is legally and factually insufficient to support his conviction, the trial court
erred in instructing the jury to find true the allegations in two enhancement
paragraphs, his trial counsel rendered ineffective assistance of counsel, and his
appellate counsel rendered ineffective assistance of counsel. Having reviewed the
record, counsel's brief, and appellant's pro se response, we agree that the appeal is
frivolous and without merit and that there is no reversible error. See id.






Conclusion

 We affirm the judgment of the trial court. We grant appellate counsel's motion
to withdraw. (4) See Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston
[1st Dist.] 2000, no pet.) (per curiam). 

 




 Terry Jennings

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2008).
2. Linda Collins (Trial Cause No. 1143170; Appellate Cause No. 01-08-00354-CR) and
Ella McFarland (Trial Cause No. 1105615; Appellate Cause No. 01-08-00355-CR).
3. In his original pro se response, appellant raised four issues; however, appellant
subsequently supplemented his response with three additional issues. In the interest
of justice, we have reviewed appellant's additional issues. Tex. R. App. P. 38.7; see
Villareal v. State, 267 S.W.3d 204, 207 & n.12 (Tex. App.--Corpus Christi 2008, no
pet.).
4. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Downs
v. State, 137 S.W.3d 837, 842 n.2 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd).