Opinion issued October
21, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-08-00909-CR

           01-08-00910-CR

———————————

DONALD WAYNE BROOKS JR., Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 248th District
Court  

Harris County, Texas



Trial Court Case Nos. 1082557 & 1083261

 



 

MEMORANDUM OPINION

Appellant, Donald Wayne Brooks Jr.,
pleaded guilty without an agreed recommendation to two indictments for
aggravated robbery.[1]  Tex.
Penal Code Ann. §§ 29.02 –.03 (Vernon 2003).  After presentence investigation reports was
prepared, the court held a punishment hearing.  
The court assessed punishment at 60 years’ imprisonment for each case to
run concurrently.

Appellant filed pro se two
applications for writs of habeas corpus requesting to withdraw his guilty
pleas, which the trial court construed as timely filed notices of appeal.  The trial court found that appellant was
indigent and appointed counsel to represent appellant on appeal.  After reviewing the record, counsel filed
motions to withdraw and Anders briefs stating his professional opinion
that no valid grounds for appeal existed and that appellant’s appeals were
frivolous.  Anders v. California,
386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967).  Appellant
filed pro se responses to his counsel’s Anders
briefs in which he complains about ineffective assistance of counsel resulting
in involuntary guilty pleas, prosecutorial misconduct, and cruel and unusual
punishment at sentencing.

We affirm. 








Anders Procedure

Under Anders, once a
defendant’s court-appointed counsel files a motion to withdraw as counsel and
files a brief in which he concludes there exists no arguable grounds for
appeal, we review the record and make an independent determination.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   We consider any pro se response defendant
may file to the Anders brief, but we do not rule on the ultimate merits
of his response.  Downs v. State,
137 S.W.3d 837, 839 (Tex. App.—Houston [1st Dist.] 2004, pet. ref=d). 









A court of appeals has two options
when an Anders brief and a subsequent pro se response are filed.  Upon reviewing the entire record, the
appellate court may determine (1) that the appeal is wholly frivolous and issue
an opinion explaining there is no reversible error or (2) that arguable grounds
for appeal exist and remand the cause to the trial court for appointment of a
new appellate counsel.  Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  If we determine there are no arguable grounds
for appeal, we affirm the judgment of the trial court and allow the court‑appointed
attorney to withdraw.  Downs, 137
S.W.3d at 842.  If we determine arguable
grounds for appeal exist, we must abate the appeal, remand the case to the
trial court, and allow the court‑appointed attorney to withdraw.  Stafford, 813 S.W.2d at 511.   The trial court must either appoint another
attorney to present all arguable grounds for appeal or allow the defendant to
proceed pro se if he desires.  Id. 

Analysis

Appellant’s appointed counsel on
appeal has filed Anders briefs, stating he has found no valid grounds of
appeal exist and moves to withdraw as counsel. 
See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. 
The briefs meet the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable
grounds for reversal.  Id.; see
also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978).  The State waived its right to file briefs and
appellant filed pro se responses.  

In accordance with Anders and Bledsoe, we have carefully reviewed the entire appellate record and
read the Anders briefs and
appellant’s pro se responses.  We
conclude no reversible error exists, other than the modifications to the
judgments discussed below, and that any appeals would be wholly frivolous.  See Stafford, 813 S.W.2d at 511.

Reformation of Judgments

We note
that the trial court’s judgments do not accurately comport with the record in
that they do not reflect appellant’s right to appeal. “An appellate court has
authority to reform a judgment to include an affirmative finding to make the
record speak the truth when the matter has been called to its attention by any
source.” French v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992) (citing Asberry
v. State, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref’d); accord Nolan v. State, 39 S.W.3d 697,
698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (“An appellate court has the
power to correct and reform a trial judgment to make the record speak the truth
when it has the necessary data and information to do so.”); see also Tex. R. App. P. 43.2(b). The record supports modification of
the judgments because the reporter's record reflects that appellant pleaded
guilty without agreed recommendations and retained his right to an appeal. Upon
notice from this Court, the trial court submitted two supplemental certifications
of the right to appeal correctly indicating, “This was not a plea bargain case,
and the defendant has the right of appeal.” Accordingly, we modify the trial
court's judgments to delete the sentence “APPEAL WAIVED, NO PERMISSION TO
APPEAL GRANTED” from the section titled “Furthermore, the following special
findings or orders apply.”  

Conclusion

As
modified, we affirm the judgments of the trial court and grant counsel’s motions
to withdraw.[2]


          

 

 

 

                                                          Margaret
Garner Mirabal                                                                                               Justice


 

Panel
consists of Chief Justice Radack and Justices Massengale and Mirabal.[3]

Do
not publish.  See Tex. R. App. P. 47.2(b). 

 











[1]           The
two counts were trial case numbers 1082557 and 1083261, which are appellate
cause numbers 01‑08‑00909‑CR and 01‑08‑00910‑CR,
respectively.





[2]           Appointed
counsel still has a duty to inform appellant of the result of these appeals and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771B72 (Tex. App.CHouston
[1st Dist.] 2000, no pet.). 





[3]           The Honorable Margaret Garner Mirabal,
Senior Justice, Court of Appeals for the 

First District of Texas, participating by assignment.