Opinion issued November 4, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00718-CR

———————————

KENNETH RAY Frelow, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 176th District Court

Harris County, Texas



Trial Court Case No. 1158422

 



MEMORANDUM OPINION

A jury
found appellant, Kenneth Ray Frelow, guilty of the offense of aggravated
assault[1] and assessed his punishment
at confinement for ten years.

Appellant’s counsel on appeal has
filed a brief stating that the record presents no reversible error and the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  The brief meets the requirements of Anders by presenting a professional
evaluation of the record and detailing why there are no arguable grounds for
reversal.  Id.; see also High v. State,
573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978).  The brief also reflects that counsel delivered
a copy of the brief to appellant and advised appellant of his right to file a
pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).

When this Court receives an Anders brief from a defendant’s
court-appointed appellate counsel, we conduct an independent review of the entire
record to determine whether the appeal is frivolous, i.e., whether the record presents
any arguable grounds for appeal. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Stafford, 813 S.W.2d at 511.  An appeal is frivolous when it does not
present any argument that could “conceivably persuade the court.”  In re
Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (citations
omitted).  In conducting our review, we
consider any pro se response that the defendant files to his appointed
counsel’s Anders brief.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Appellant has filed a pro se response,
contending that he is entitled to “lesser time,” he was the “victim” in the
assault and he acted in self-defense, his lawyer “could have done a better
job,” the complainant caused her own injuries by “push[ing] herself through the
wall” and he did not “cut” the complainant, “there was no glass for
evidence[],” and the charges should “be lesser” because he and the complainant
“was common law married.” Having reviewed the record, counsel’s Anders brief, and appellant’s pro se
response, we conclude that the appeal is frivolous and no reversible error
exists. See id.  

Conclusion

We affirm the judgment of the trial
court.  We grant appellate counsel’s
motion to withdraw.[2]  See
Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston
[1st Dist.] 2000, no pet.) (per curiam).

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]               See Tex. Penal Code Ann. §§
22.01, 22.02 (Vernon
Supp. 2010).





[2]           Appointed counsel still has a duty to inform
appellant of the result of this 

appeal and that he may, on
his own, pursue discretionary review in the Texas Court of Criminal Appeals.  See
Bledsoe  v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005); Downs v.
State, 137 S.W.3d 837, 842 n.2 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d).