Opinion issued April 7, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00324-CR

———————————

Matthew D. Henry, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 252nd District Court 

Jefferson County, [1] Texas



Trial Court Case No. 07-00443

 



MEMORANDUM OPINION

Appellant, Matthew D. Henry, without an agreed
punishment recommendation from the State, pleaded guilty to the offense of burglary,[2] and the trial court
deferred adjudication of his guilt and placed him on community supervision for
ten years.  The State subsequently filed
a motion to adjudicate appellant’s guilt, alleging several violations of the
conditions of appellant’s community supervision.  After hearing evidence on the motion, the
trial court found appellant guilty, assessed his punishment at confinement for
ten years, and suspended his sentence subject to the terms of community
supervision.  The State subsequently
filed a motion to revoke appellant’s community supervision, and, at a hearing,
appellant pleaded true to the State’s sole allegation that he had failed to
report to Adult Probation.  The trial
court revoked appellant’s community supervision and assessed his punishment at
confinement for ten years.  

          Appellant’s
counsel on appeal has filed a brief stating that the record presents no
reversible error and the appeal is without merit and is frivolous.  See
Anders v. California, 368 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  The brief meets the requirements of Anders by presenting a professional
evaluation of the record and detailing why there are no arguable grounds for
reversal.  Id.; see also High v. State,
573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978).  The brief also reflects that counsel
delivered a copy of the brief to appellant and advised appellant of his right
to file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  

          When
this court receives an Anders brief
from a defendant’s court-appointed appellate counsel, we conduct a review of
the entire record to determine whether the appeal is frivolous, i.e., whether
it presents any arguable grounds for appeal. 
See Anders, 386 U.S. at 744,
S. Ct. at 1400; Stafford, 813 S.W.2d
at 511.  An appeal is frivolous when it
does not present any argument that could “conceivably persuade the court.”  In re
Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008).  In our review, we consider the appellant’s
pro se response, if any, to his counsel’s Ander’s
brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

          Appellant
did not file a pro se response with this Court. 
Having reviewed the record and counsel’s brief, we agree that the appeal
is frivolous and without merit and that there is no reversible error.  See id.  

          We
affirm the judgment of the trial court. 
We grant appellate counsel’s motion to withdraw.[3]  See
Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam).

PER
CURIAM

 

Panel
consists of Justices Jennings, Higley, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          This appeal, originally filed in
the Ninth Court of Appeals, Beaumont, Texas, was transferred to the First Court
of Appeals, Houston, Texas.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005) (giving Texas Supreme Court
authority to transfer cases from one court of appeals to another for good
cause).  

 

 





[2]           See Tex. Penal Code Ann. § 30.02(a)(3),
(c)(2) (Vernon Supp. 2010).  





[3]
          Appointed counsel still has a
duty to inform appellant of the result of this appeal and that he may, on his
own, pursue discretionary review in the Texas Court of Criminal Appeals.  See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Downs v. State, 137 S.W.3d 837, 842 n.2
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).