Opinion issued June 16, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00927-CR, 01-10-00928-CR,
01-10-00929-CR

———————————

Leonardo Quinonez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 337th District Court 

Harris County, Texas



Trial Court Case Nos. 1042909, 1042910, 1042911

 



 

MEMORANDUM OPINION

          Appellant,
Leonardo Quinonez, challenges the trial court’s order denying his motion for
post-conviction DNA testing.[1]  

Appellant’s counsel on
appeal has filed a brief stating that the record presents no reversible error
and that the appeal is without merit and is frivolous.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967).  The brief meets the requirements
of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable
grounds for reversal.  Id.; see also High v. State, 573
S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978).
 The brief also reflects that counsel
delivered a copy of the brief to appellant and advised appellant of his right
to file a pro se response. See Stafford v. State, 813
S.W.2d 503, 510 (Tex. Crim. App. 1991).

When this Court
receives an Anders brief from a
defendant’s court-appointed appellate counsel, we conduct a review of the
entire record to determine whether the appeal is frivolous, i.e., whether it
presents any arguable grounds for appeal.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400;
Stafford, 813 S.W.2d at 511.
 An appeal is frivolous when it does not
present any argument that could “conceivably persuade the court.”  In re Schulman, 252 S.W.3d 403, 407 n.12
(Tex. Crim. App. 2008).  In our review, we consider appellant’s pro se
response, if any, to his counsel’s Anders
brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005).

Here, appellant has
filed a pro se response, contending in two issues that the interest of justice
requires the trial court to order DNA testing of biological material in the
State’s possession.  Having reviewed the
record, counsel’s brief, and appellant’s pro se response, we agree that the
appeal is frivolous and without merit and that there is no reversible error.  See id.

We affirm the order of
the trial court.  We grant counsel’s
motion to withdraw.[2]
 See Stephens v. State, 35 S.W.3d 770, 771-72
(Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam).  

PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. 
Tex. R. App. P. 47.2(b).











[1]           See
Tex. Code Crim. Proc. Ann. art.
64.03 (Vernon 2010).   

 





[2]
          Appointed counsel still has a
duty to inform appellant of the result of this appeal and that he may, on his
own, pursue discretionary review in the Texas Court of Criminal Appeals.  See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Downs v. State, 137 S.W.3d 837, 842 n.2
(Tex. App.—Houston [1st Dist.] 204, pet. ref’d).