Opinion issued December 8, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00106-CR

———————————

Travis L. Flanagan, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 182nd Judicial District Court 

Harris County, Texas



Trial Court Case No. 1187517

 



 

MEMORANDUM OPINION

          A
jury found appellant, Travis L. Flanagan, guilty of the offense of sexual
assault,[1] and the trial court
assessed his punishment at confinement for ten years.  

          Appellant’s
counsel on appeal has filed a brief stating that the record presents no
reversible error and that the appeal is without merit and is frivolous.  See
Anders v. California, 368 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  The brief meets the requirements of Anders by presenting a professional
evaluation of the record and detailing why there are no arguable grounds for
reversal.  Id.; see also High v. State,
573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978).  The brief also reflects that counsel
delivered a copy of the brief to appellant and advised appellant of his right
to file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  

          When
this Court receives an Anders brief
from a defendant’s court-appointed appellant counsel, we conduct a review of
the entire record to determine whether the appeal is frivolous, i.e., whether
it presents any arguable grounds for appeal. 
See Anders, 386 U.S. at 744,
S. Ct. at 1400; Stafford, 813 S.W.2d
at 511.  An appeal is frivolous when it
does not present any argument that could “conceivably persuade the court.”  In re
Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008).  In conducting our review, we consider the
appellant’s pro se response, if any, to his counsel’s Anders brief.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App.
2005).  

          Appellant
has filed a pro se response, contending that the evidence is insufficient to
support his conviction because there was no outcry indicating a lack of
consent, “the record does not show any physical force” or threats of violence,
and there is no physical evidence supporting a finding of penetration.  Having reviewed the record, counsel’s Anders brief, and appellant’s pro se
response, we conclude that the appeal is frivolous and no reversible error
exists.  See id.  

          We
affirm the judgment of the trial court. 
We grant appellate counsel’s motion to withdraw.[2]  See
Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam).    

PER CURIAM

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]         See
Tex. Penal Code Ann. § 20.011
(Vernon 2011). 





[2]
        Appointed counsel still has a duty to inform appellant of the result of
this appeal and that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals.  See Bledoe v. State, 178 S.W.3d
824, 827 (Tex. Crim. App. 2005); Downs
v. State, 137 S.W.3d 837, 842 n.2 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d).