**Opinion issued April 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00566-CR

———————————

**DUSTIN CHANDLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Case No. 14867**

---

## MEMORANDUM OPINION

Appellant, Dustin Chandler, pleaded guilty to the offense of aggravated

sexual assault of a child,[1] and the trial court deferred adjudication of his guilt and

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B) (Vernon 2011).

placed him on community supervision. The State subsequently filed a motion to adjudicate appellant's guilt, alleging several violations of the conditions of his community supervision. After hearing evidence on the motion, the trial court found appellant guilty of the offense of aggravated sexual assault of a child and assessed his punishment at confinement for twenty years.

Appellant's counsel on appeal has filed a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 368 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *Id.*; *see also High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). The brief also reflects that counsel delivered a copy of the brief to appellant and advised appellant of his right to file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).

When this Court receives an *Anders* brief from a defendant's court-appointed appellant counsel, we conduct a review of the entire record to determine whether the appeal is frivolous, i.e., whether it presents any arguable grounds for appeal. *See Anders*, 386 U.S. at 744, S. Ct. at 1400; *Stafford*, 813 S.W.2d at 511. An appeal is frivolous when it does not present any argument that could "conceivably persuade the court." *In re Schulman*, 252 S.W.3d 403, 407 n.12

(Tex. Crim. App. 2008). In conducting our review, we consider the appellant's pro se response, if any, to his counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826 –27 (Tex. Crim. App. 2005).

Appellant has filed a pro se response, arguing that he received ineffective assistance of counsel because the evidence is legally insufficient to support the trial court's findings that he violated the terms of his community supervision by committing three separate offenses of stalking, committing the offense of harassment, failing to pay his court costs or probationary fees, and failing to fulfill certain community service requirements. Having reviewed the record, counsel's brief, and appellant's pro se response, we agree that there is no reversible error and the appeal is frivolous and without merit. *See id.*

We affirm the judgment of the trial court. We grant appellate counsel's motion to withdraw.[2] *See Stephens v. State*, 35 S.W.2d 770, 771–72 (Tex. App.— Houston [1st Dist.] 2000, no pet.) (per curiam). Counsel must immediately send the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827; *Downs v. State*, 137 S.W.3d 837, 842 n.2 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).