

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00011-CR

**ROEL RODRIGUEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court
Johnson County, Texas
Trial Court No. F45749**

## MEMORANDUM  OPINION

Roel Rodriguez entered an open plea of guilty to two counts of aggravated assault with a deadly weapon.  After a hearing on punishment, the trial court assessed punishment at 20 years confinement on each count.  We affirm.

### Background Facts

Roel and Maricela Rodriguez were married in 1995.  They divorced in 2010, but continued to reside together with their three children.  On May 27, 2011 there was an altercation, and Roel stabbed Maricela with a butcher knife over thirty times.  Roel also

produced a handgun during the altercation.  Maricela was able to escape to a neighbor's

house, and she was taken by ambulance to the hospital.

**Voluntariness of Plea**

Roel Rodriguez argues in his first issue that his plea was involuntary because he

did not fully understand the direct consequences of his plea and that he was not

admonished by the trial court as to his ineligibility for probation if convicted.  Prior to

accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the

defendant of the range of the punishment attached to the offense.  TEX. CODE CRIM. PRO.

ANN. § 26.13 (a) (1). (West Supp. 2013).  The trial court may make the admonitions

either orally or in writing.  TEX. CODE CRIM. PRO. ANN. § 26.13 (d). (West Supp. 2013).  If

the court makes the admonitions in writing, it must receive a statement signed by the

defendant and the defendant's attorney that he understands the admonitions and is

aware of the consequences of his plea.  TEX. CODE CRIM. PRO. ANN. § 26.13 (d). (West

Supp. 2013).

A trial court has no duty to admonish a defendant about his eligibility for

community supervision.  *Ex Parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986);

*Downs v. State*, 137 S.W.3d 837, 841 (Tex.App.-Houston [1st. Dist.] 2004, pet. ref'd).  The

range of punishment that must be included in the required admonishment does not

include community supervision.  *Downs v. State*, 137 S.W.3d at 841.  However, if a court

volunteers information about community supervision, the information provided must

be accurate.  *Id*.  A guilty plea is involuntarily induced if it is shown that:  (1) the trial

court volunteered an admonishment that included information on the availability of

community supervision, thereby creating an affirmative duty to provide accurate information on the availability of community supervision; (2) the trial court provided inaccurate information on the availability of community supervision, thereby leaving the defendant unaware of the consequences of his plea; and (3) the defendant was misled or harmed by the inaccurate admonishment. *Id*.

The trial court admonished Rodriguez in writing on the punishment range for each count of the charged offenses. The trial court did not admonish Rodriguez about his eligibility for community supervision. At the hearing on Rodriguez's plea of guilty, the attorney for the State informed Rodriguez that he was ineligible for probation from a jury because he has a previous felony conviction. The State then informed Rodriguez that he was ineligible for regular probation from the trial court because he was pleading guilty to an offense with a deadly weapon. Rodriguez indicated that he understood these consequences. Rodriguez's attorney further questioned Rodriguez about his eligibility for probation. Rodriguez testified that his attorney had fully discussed the consequences of his plea with him concerning eligibility for probation, and understood those consequences. Both the attorney for the State and Rodriguez's attorney discussed the punishment range with Rodriguez. Rodriguez has not shown that his plea was involuntary or that he was misled about the consequences of his plea. We overrule the first issue.

**Punishment Range**

In the second issue, Rodriguez argues that the trial court arbitrarily refused to consider the entire range of punishment after his plea of guilty. Due process requires a

neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Id*.

Rodriguez contends that the trial court had predetermined a sentence based upon comments made at the plea hearing prior to punishment. The trial court told Rodriguez to have no contact with the victim. The trial court further explained:

> Now some people ask by what I mean by no contact. No cards, no letters, no phone calls, no texts, no e-mails, no Facebook, no driving by the house honking the horn. If you're in McDonald's and she walks in, you just leave your Big Mac on the counter and walk out. There's nothing worth going to the penitentiary for a hamburger.

Rodriguez contends that the statement indicates the trial court did not consider deferred adjudication and intended to send him to the penitentiary prior to hearing punishment evidence.

Rodriguez further contends that the trial court did not consider mitigating evidence that he presented. Rodriguez called friends and relatives to testify at the punishment hearing. They stated that Rodriguez was not violent and that he loved his family. Rodriguez also called a psychologist who testified that he has a low risk of reoffending with domestic violence with Maricela or another partner.

Maricela testified at the punishment hearing that Rodriguez stabbed her over thirty times and that she suffers permanent injuries from the assault. Rodriguez testified at the punishment hearing that Maricela stabbed him first and that he did not intentionally stab her. Rodriguez claimed that the multiple stab wounds suffered by

Maricela were all accidental. Rodriguez admitted to lying about the altercation to make himself look better. The psychologist testified that Rodriguez's Personality Assessment Inventory test was invalid because "he either lied on the test or he believes that he is this good and doesn't make every-day errors like the rest of us are willing to admit to."

The record shows that the trial court heard testimony from several witnesses at the punishment hearing, including the victim and Rodriguez. There is nothing in the record to show bias, partiality, or that the trial court did not consider the full range of punishment. We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed January 9, 2014
[CR 25 ]