NO. 07-09-0065-CR

NO. 07-09-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2009

_____

LAURA LEI MEYERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NOS. 58,132-D & 58,133-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty to possession of a controlled substance[1] in cause

number 58,132-D, Appellant, Laura Lei Meyers, was convicted by the trial court and

_____

[1]Tex. Health & Safety Code Ann. § 481.115(b) (Vernon Supp. 2009).

sentenced to twelve months confinement.  In cause number 58,133-D, Appellant entered an open plea of guilty to tampering with physical evidence with intent to impair[2] and was sentenced to five years confinement.  The trial court ordered the sentences to run concurrently.  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a pro se response if she desired to do so, and (3) informing her of her right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this

---

[2]Tex. Penal Code Ann. § 37.09(a)(1) (Vernon Supp. 2009).

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4]Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review.  *In re Schulman*, at 408 n.22 & at 411 n.35.

Court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did file a response. However, the State did not favor us with a brief.

On July 2, 2008, Officer Jacob Diaz initiated a traffic stop of Appellant for expired registration. Appellant and the officer pulled into a parking lot. Officer Diaz asked Appellant to exit the vehicle, issued her a citation, then informed her she was free to leave. When she opened the door to enter her vehicle, he observed a white crystalline substance on the carpet between the door and driver's seat. According to Officer Diaz's testimony, when he inquired about the substance, Appellant admitted it was methamphetamine and that she was trying to dispose of it.

During the plea hearing, Appellant testified that she had recently used marihuana and methamphetamine. During cross-examination, she admitted to a prior misdemeanor and felony conviction. She had been placed on community supervision for the felony conviction and was later revoked after pleading true to twelve violations of the terms and conditions thereof. Appellant requested that the trial court grant her either community supervision or allow her to enter a rehabilitation program. At the conclusion of the hearing, the trial court announced its decision to sentence her to confinement. The trial court was convinced Appellant would not change unless she was "separated from the dope scene entirely."

At the behest of Appellant, counsel presents two arguable issues: (1) Appellant's plea was involuntary and (2) the trial court erred in denying Appellant's request for probation. Counsel then concludes that the record and legal authorities do not support reversal of Appellant's conviction on either issue.[5]

By her pro se response, Appellant maintains her trial attorney rendered ineffective assistance of counsel. After a review of the record before us, we conclude that under the standard of review provided by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Appellant has not demonstrated that her counsel's performance fell below an objective standard.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no

---

[5]Before accepting a guilty plea, a trial court has an affirmative duty to admonish a defendant on the "range of punishment" attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2009). "Range of punishment" does not include community supervision. *Price v. State*, 866 S.W.2d 606, 610 (Tex.Crim.App. 1993). Thus, a trial court has no duty to admonish a defendant as to eligibility for community supervision. *Downs v. State*, 137 S.W.3d 837, 841 (Tex.App.–Houston [1st Dist.] 2004, pet. ref'd) (citing *Ex Parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim.App. 1986). Additionally, the trial court's decision to grant community supervision is discretionary and not reviewable. *Speth v. State*, 6 S.W.3d 530, 533 (Tex.Crim.App. 1999).

plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.