George Henry **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.
No. 44696.

Court of Criminal Appeals of Texas.

March 15, 1972.

---

David R. Sivertsen, Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed punishment at life.

Charles B. Ostrander, service writer for Taylor Pontiac in Dallas, testified that at about 8:30 a. m. on April 6, 1970, appellant approached him concerning repairs on appellant's automobile. Since Ostrander had not written the repair order he referred appellant to Melvin A. Patterson, the deceased. Appellant went to Patterson's desk and talked to him. Ostrander heard no loud talk or arguments.

At about 5:30 p. m. on the same date, Ostrander saw a fast movement to his left. He turned and saw appellant put his arm over Patterson's desk and fire a pistol at him four or five times.

One other witness, Leopoldo Rodriquez, saw appellant shoot Patterson. Two witnesses, James Barbour and Ernest Cross, heard shots and saw appellant running. Appellant waved his gun at Cross, jumped in an automobile and drove away. Cross got the license number of the automobile.

Officer P. W. Beckwith of the Dallas Police Department arrested the appellant and was told at that time by the appellant that " . . . he was the man that I was looking for, that he had shot him and killed him."

The appellant testified in his own behalf that he was dissatisfied with a repair job Taylor Pontiac had done on his car. At about 5:30 p. m. on April 6, 1970, he talked to Patterson whom he felt was responsible for the poor repair job, that he was mad and lost his temper, and that he shot the deceased by pulling the trigger until he couldn't pull it any more.

Appellant contends that his testimony effectively changed his plea to guilty, and the court was under a duty to admonish him under Article 26.13, Vernon's Ann.C.C.P., which requires the court to admonish a defendant who pleads guilty or nolo contendere.

The appellant entered a plea of not guilty and made an application for probation. He no doubt testified in an attempt to get probation. He had counsel to advise him concerning his right to testify or not to testify.

The judge is under no duty to admonish a defendant when a plea of not guilty is entered.

No error is shown. The judgment is affirmed.