COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-037-CR

JAMES ANTHONY DAVIS APPELLANT

a/k/a JAMES DAVIS

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two points, Appellant James Anthony Davis appeals his conviction for aggravated assault with a deadly weapon.  We affirm.

I. 
Background

On November 18, 2003, Davis allegedly shot Reuben Berry in the arm because he believed that Berry had stolen certain items that belonged to him.  Based on this altercation, the State indicted Davis for aggravated assault with a deadly weapon.  On the day of trial, Davis signed a written waiver of his right to a jury trial and entered a plea of not guilty.  Davis’s attorney then questioned Davis on the record before trial began regarding his decision not to apply for community supervision.  Davis stated that it was his decision not to apply but that he was eligible for community supervision because he had not been convicted of a felony in Texas or any other state.  At the end of this discussion on the record, Davis changed his mind and stated that he would apply for community supervision.

The trial court found Davis guilty of aggravated assault with a deadly weapon and sentenced him to ten years’ confinement.  The court made a separate entry in the signed judgment of an affirmative finding that Davis “used or exhibited a deadly weapon, to-wit: a firearm during the commission of the offense or during the immediate flight therefrom.”

II. 
Discussion

A. Jury Waiver

In his first point, Davis argues that he did not voluntarily, intentionally, and knowingly waive his right to a jury trial because the trial court failed to admonish him that it could not impose community supervision.  Davis’s contention is based on article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure, which in pertinent part states the following:

[T]he provisions of Section 3 of this article [Court Ordered Community Supervision] do not apply: . . . (2) to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.  On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court.  On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.

Tex. Code Crim. Proc. Ann.
 art. 42.12, § 3g(a)(2) (Vernon Supp. 2007).  Davis’s argument is essentially that his jury waiver is invalid because the trial court knew he was seeking community supervision and failed to inform him that it could not order community supervision on a charge of aggravated assault 
with a deadly weapon
.

Davis cites 
Jones v. State
, in which the trial court failed to admonish the defendant, who pled guilty to murder with the use of a firearm, regarding its inability to impose community supervision after making an affirmative finding of the use of a deadly weapon. 
 See
 596 S.W2d 910, 910–11 (Tex. Crim. App. 1980).  The court of criminal appeals held that the trial court in that case did not err
 
because
 the provisions of subsection 3f(a)(2), now 3g(a)(2), are only applicable when the trial court makes an affirmative finding 
and
 enters such finding on the judgment of conviction, and since the judgment in 
Jones
 reflected no such affirmative finding, the defendant was eligible for community supervision.  
See
 
id
. at 911.

Davis implicitly relies on 
Jones
 for the premise that if the opposite facts were true, 
i.e.
, if the trial court 
did
 enter the affirmative finding on the judgment, then the guilty plea would have been invalid.  Thus, Davis argues that his jury waiver is invalid because the trial court in this case failed to admonish him regarding its inability to impose community supervision and entered in the judgment an affirmative finding of the use of a deadly weapon.  However, for the reasons stated below, Davis’s reliance on 
Jones
 is misplaced. 

The trial court is under no duty to admonish a defendant who pleads not guilty.  
Williams v. State
, 477 S.W.2d 607, 607 (Tex. Crim. App. 1972).  Moreover, as a general rule, there is no mandatory duty for the trial court to admonish the defendant on his or her eligibility for community supervision.  
See
 
Ex parte Williams
, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986).  There are exceptions, however, when the trial court should admonish the defendant regarding community supervision, but
 these exceptions are applicable when the court’s duty to admonish is based on the defendant’s plea of guilty or nolo contendere.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2007) (requiring the trial court to give certain admonishments upon a plea of guilty or nolo contendere); 
Williams
, 704 S.W.2d at 776–77; 
Downs v. State
, 137 S.W.3d 837, 839–41 (Tex. App.—Houston [1st Dist.] 2004, pet ref’d) (op. on reh’g.) (analyzing exception when the defendant pled guilty); 
Tabora v. State
, 14 S.W.3d 332, 334–35 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (analyzing exception when defendant pled nolo contendere); 
Rhyner v. State
, No. 13-095-00298-CR, 1997 WL 33641952, at *1–3 (Tex. App.—Corpus Christi Apr. 3, 1997, no pet.) (not designated for publication).
  Thus, because Davis pled not guilty, the court was under no duty to admonish him when he waived his right to a jury trial, and the entry in the judgment of an affirmative finding of the use of a deadly weapon is irrelevant to that determination under the facts of this case. 
 See
 
Williams
, 477 S.W.2d at 607; 
Rhyner
, 
1997 WL 33641952, at *1–3.  Davis’s jury waiver was therefore valid, and we accordingly overrule Davis’s first point. 
 See
 
Rhyner
, 
1997 WL 33641952, at *1–3.

B. Ineffective Assistance of Counsel

In his second point, Davis argues that his trial counsel was ineffective because she did not inform him that the trial court could not impose community supervision if it entered in the judgment an affirmative finding that he used a deadly weapon.  Davis also contends that his counsel was ineffective by failing to offer evidence during the punishment phase that he was in fact eligible for community supervision.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813–14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
 (quoting 
Thompson
, 9 S.W.3d at 813).  It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.  
Mata v. State
, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The record in this case shows that Davis’s counsel was seeking community supervision both before trial and during the punishment phase
.  His counsel asked the trial court to consider Davis’s honesty during trial and his potential for rehabilitation if sentenced to community supervision.  Even assuming that Davis’s counsel misunderstood the law regarding community supervision, this, alone, is insufficient to support a claim for ineffective assistance of counsel.  
See
 
State v. Recer
, 815 S.W.2d 730, 731–32 (Tex. Crim. App. 1991).  There must be evidence that Davis was initially eligible to receive community supervision, that his counsel’s advice to waive a jury trial was not given as part of a valid trial strategy, that his decision to waive a jury trial was based on his attorney’s erroneous advice, and that Davis’s decision would have been different if his attorney had correctly informed him of the law.
(footnote: 2)  
See Recer
, 815 S.W.2d at 731–32.

The only testimony regarding Davis’s jury waiver is as follows:

Q: You know that you have an option to have a jury trial where twelve people would sit on the jury and make the decision as to your guilt or innocence; you understand that?

A: Yes, ma’am.

Q: Or we can just take it before the Court, Judge Salvant, and allow him to make the decision?

A: Yes, ma’am.

Q: And what is your decision?

A: For the judge.

From this record, we cannot determine whether or not Davis’s jury waiver was based on a valid trial strategy.  Further, we cannot determine whether Davis’s decision was based on his attorney’s erroneous advice or whether he would have made a different decision if his attorney had correctly informed him of the law.  Thus, Davis has failed to meet his burden under 
Strickland
, and we cannot conclude that Davis’s counsel was ineffective based on an alleged failure to inform Davis of the law.
(footnote: 3)
 Regarding Davis’s contention that his attorney was ineffective by failing to offer evidence to show that he was eligible for community supervision, the record demonstrates that when asked by the trial court if Davis wanted to call any witnesses during the punishment phase, Davis’s counsel stated that she believed that the court had sufficiently heard everything through the course of the trial.
(footnote: 4)  The record fails to show what other evidence Davis’s counsel could have presented or what additional witnesses could have testified on Davis’s behalf.  Further, Davis has not proven by a preponderance of the evidence that the outcome would have been different but for his attorney’s failure to present evidence concerning Davis’s eligibility for community supervision.
  See
 
Strickland
, 
466 U.S. at 687, 104 S. Ct. at 2064.
  Accordingly, we overrule Davis’s second point.

III. 
Conclusion

Having overruled both of Davis’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 31, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The rule as originally stated in 
Recer
 was based on the defendant’s decision to waive her right to a jury as to only the punishment phase—which is not the case here—but the reasoning is equally applicable to this case.
  
See id
.

3:
Stone v. State
, on which Davis relies, is very similar factually, but it is nonetheless inapposite because the record in that case contains testimony from both the defendant and his attorney that clearly shows that the decision to have the court assess punishment was based on the attorney’s erroneous advice regarding community supervision.  
See
 751 S.W.2d 579, 582–84 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d).

4:
During the trial, the court heard testimony from both Davis and his mother.