COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-037-CR

 

 

JAMES ANTHONY DAVIS                                                     APPELLANT

a/k/a
JAMES DAVIS

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In two points, Appellant
James Anthony Davis appeals his conviction for aggravated assault with a deadly
weapon.  We affirm.

I. Background








On November 18, 2003, Davis
allegedly shot Reuben Berry in the arm because he believed that Berry had
stolen certain items that belonged to him. 
Based on this altercation, the State indicted Davis for aggravated assault
with a deadly weapon.  On the day of
trial, Davis signed a written waiver of his right to a jury trial and entered a
plea of not guilty.  Davis=s attorney then questioned Davis on the record before trial began
regarding his decision not to apply for community supervision.  Davis stated that it was his decision not to
apply but that he was eligible for community supervision because he had not
been convicted of a felony in Texas or any other state.  At the end of this discussion on the record,
Davis changed his mind and stated that he would apply for community
supervision.

The trial court found Davis
guilty of aggravated assault with a deadly weapon and sentenced him to ten
years= confinement.  The court made a
separate entry in the signed judgment of an affirmative finding that Davis Aused or exhibited a deadly weapon, to-wit: a firearm during the
commission of the offense or during the immediate flight therefrom.@

II. Discussion

A.     Jury Waiver








In his first point, Davis
argues that he did not voluntarily, intentionally, and knowingly waive his
right to a jury trial because the trial court failed to admonish him that it
could not impose community supervision. 
Davis=s contention
is based on article 42.12, section 3g(a)(2) of the Texas Code of Criminal
Procedure, which in pertinent part states the following:

[T]he
provisions of Section 3 of this article [Court Ordered Community Supervision]
do not apply: . . . (2) to a defendant when it is shown that a deadly
weapon as defined in Section 1.07, Penal Code, was used or exhibited during the
commission of a felony offense or during immediate flight therefrom, and that
the defendant used or exhibited the deadly weapon or was a party to the offense
and knew that a deadly weapon would be used or exhibited.  On an affirmative finding under this
subdivision, the trial court shall enter the finding in the judgment of the
court.  On an affirmative finding that
the deadly weapon was a firearm, the court shall enter that finding in its
judgment.

 

Tex. Code Crim. Proc.
Ann. art. 42.12, ' 3g(a)(2) (Vernon Supp. 2007).  Davis=s argument is essentially that his jury waiver is invalid because the
trial court knew he was seeking community supervision and failed to inform him
that it could not order community supervision on a charge of aggravated assault
with a deadly weapon.








Davis cites Jones v. State,
in which the trial court failed to admonish the defendant, who pled guilty to
murder with the use of a firearm, regarding its inability to impose community
supervision after making an affirmative finding of the use of a deadly weapon.  See 596 S.W2d 910, 910B11 (Tex. Crim. App. 1980).  The
court of criminal appeals held that the trial court in that case did not err
because the provisions of subsection 3f(a)(2), now 3g(a)(2), are only
applicable when the trial court makes an affirmative finding and enters
such finding on the judgment of conviction, and since the judgment in Jones
reflected no such affirmative finding, the defendant was eligible for community
supervision.  See id. at
911.

Davis implicitly relies on Jones
for the premise that if the opposite facts were true, i.e., if the trial
court did enter the affirmative finding on the judgment, then the guilty
plea would have been invalid.  Thus,
Davis argues that his jury waiver is invalid because the trial court in this
case failed to admonish him regarding its inability to impose community
supervision and entered in the judgment an affirmative finding of the use of a
deadly weapon.  However, for the reasons
stated below, Davis=s reliance
on Jones is misplaced. 








The trial court is under no
duty to admonish a defendant who pleads not guilty.  Williams v. State, 477 S.W.2d 607, 607
(Tex. Crim. App. 1972).  Moreover, as a
general rule, there is no mandatory duty for the trial court to admonish the
defendant on his or her eligibility for community supervision.  See Ex parte Williams, 704
S.W.2d 773, 775 (Tex. Crim. App. 1986). 
There are exceptions, however, when the trial court should admonish the
defendant regarding community supervision, but these exceptions are applicable
when the court=s duty to
admonish is based on the defendant=s plea of guilty or nolo contendere. 
See Tex. Code Crim. Proc.
Ann. art. 26.13(a) (Vernon Supp. 2007) (requiring the trial court to
give certain admonishments upon a plea of guilty or nolo contendere); Williams,
704 S.W.2d at 776B77; Downs
v. State, 137 S.W.3d 837, 839B41 (Tex. App.CHouston [1st
Dist.] 2004, pet ref=d) (op. on
reh=g.) (analyzing exception when the defendant pled guilty); Tabora v.
State, 14 S.W.3d 332, 334B35 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (analyzing exception when defendant pled nolo
contendere); Rhyner v. State, No. 13-095-00298-CR, 1997 WL 33641952, at
*1B3 (Tex. App.CCorpus
Christi Apr. 3, 1997, no pet.) (not designated for publication).  Thus, because Davis pled not guilty, the
court was under no duty to admonish him when he waived his right to a jury
trial, and the entry in the judgment of an affirmative finding of the use of a
deadly weapon is irrelevant to that determination under the facts of this case.
 See Williams, 477 S.W.2d
at 607; Rhyner, 1997 WL 33641952, at *1B3.  Davis=s jury waiver was therefore valid, and we accordingly overrule Davis=s first point.  See Rhyner,
1997 WL 33641952, at *1B3.

B.     Ineffective Assistance of Counsel








In his second point, Davis
argues that his trial counsel was ineffective because she did not inform him
that the trial court could not impose community supervision if it entered in
the judgment an affirmative finding that he used a deadly weapon.  Davis also contends that his counsel was
ineffective by failing to offer evidence during the punishment phase that he
was in fact eligible for community supervision.

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999).








Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson,
9 S.W.3d at 813).  It is not appropriate
for an appellate court to simply infer ineffective assistance based upon
unclear portions of the record.  Mata
v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The record in this case shows
that Davis=s counsel
was seeking community supervision both before trial and during the punishment
phase.  His counsel asked the trial court
to consider Davis=s honesty
during trial and his potential for rehabilitation if sentenced to community
supervision.  Even assuming that Davis=s counsel misunderstood the law regarding community supervision, this,
alone, is insufficient to support a claim for ineffective assistance of
counsel.  See State v. Recer,
815 S.W.2d 730, 731B32 (Tex.
Crim. App. 1991).  There must be evidence
that Davis was initially eligible to receive community supervision, that his
counsel=s advice to waive a jury trial was not given as part of a valid trial
strategy, that his decision to waive a jury trial was based on his attorney=s erroneous advice, and that Davis=s decision would have been different if his attorney had correctly
informed him of the law.[2]  See Recer, 815 S.W.2d at 731B32.








The only testimony regarding
Davis=s jury waiver is as follows:

Q: You know that you have an option to have a jury trial where twelve
people would sit on the jury and make the decision as to your guilt or
innocence; you understand that?

 

A: Yes, ma=am.

 

Q: Or we can just take it before the Court, Judge Salvant, and allow
him to make the decision?

 

A: Yes, ma=am.

 

Q: And what is your decision?

 

A: For the judge.

 

From this record, we cannot determine whether or
not Davis=s jury
waiver was based on a valid trial strategy. 
Further, we cannot determine whether Davis=s decision was based on his attorney=s erroneous advice or whether he would have made a different decision
if his attorney had correctly informed him of the law.  Thus, Davis has failed to meet his burden
under Strickland, and we cannot conclude that Davis=s counsel was ineffective based on an alleged failure to inform Davis
of the law.[3]








Regarding Davis=s contention that his attorney was ineffective by failing to offer
evidence to show that he was eligible for community supervision, the record
demonstrates that when asked by the trial court if Davis wanted to call any
witnesses during the punishment phase, Davis=s counsel stated that she believed that the court had sufficiently
heard everything through the course of the trial.[4]  The record fails to show what other evidence
Davis=s counsel could have presented or what additional witnesses could have
testified on Davis=s
behalf.  Further, Davis has not proven by
a preponderance of the evidence that the outcome would have been different but
for his attorney=s failure to
present evidence concerning Davis=s eligibility for community supervision.  See Strickland, 466 U.S. at 687,
104 S. Ct. at 2064.  Accordingly, we
overrule Davis=s second
point.

 

 

 

 








III. Conclusion

Having overruled both of
Davis=s points, we affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL F: 
HOLMAN, WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 31, 2008











[1]See Tex. R.
App. P. 47.4.





[2]The
rule as originally stated in Recer was based on the defendant=s
decision to waive her right to a jury as to only the punishment phaseCwhich
is not the case hereCbut
the reasoning is equally applicable to this case.  See id.





[3]Stone v. State, on which Davis relies, is very
similar factually, but it is nonetheless inapposite because the record in that
case contains testimony from both the defendant and his attorney that clearly
shows that the decision to have the court assess punishment was based on the
attorney=s erroneous advice regarding
community supervision.  See 751
S.W.2d 579, 582B84 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d).





[4]During the trial, the court heard
testimony from both Davis and his mother.