[3] At the habeas hearing, before habeas counsel asked Applicant about conversations Applicant had with his 1990 trial counsel, the following exchange occurred:
Q [Habeas Counsel]: Okay. Now, here is where only you can testify to this because you're the only one that was involved back in 1990 who is still here. You understand there is a different prosecuting attorney; I'm a different defense attorney. We weren't part of those negotiations. Okay. Do you understand that?
A [Applicant]: Yes, sir.
[4] See Maddox v. State , 591 S.W.2d 898, 900 (Tex. Crim. App. 1979) (concluding from an examination of the Texas Legal Directory that an attorney named George I. Middaugh had a listed address in Cuero, DeWitt County).
[5] Articles 1014 and 1015 of the 1895 Penal Code read:
Article 1014. If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall, on a second conviction, receive double the punishment prescribed for such offense in ordinary cases, and upon a third, or any subsequent conviction for the same offense, the punishment shall be increased, so as not to exceed four times the penalty in ordinary cases.
Art. 1015. If it be shown, on the trial of a felony less than capital, that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases.
P.C. arts. 1014 & 1015 (1895).
[6] The requirement that a conviction must become final before it may be used as an enhancing conviction was not conceived through legislative enactment until 1974 for Section 12.42(d) (the habitual enhancement provision), and not until 2011 for Section 12.42(c) (the repeat-offender enhancement provision). See Act of May 24, 1973, 63rd Leg., R.S., ch. 399 § 1, sec. 12.42(d), 1973 Tex. Gen. Laws 883, 908 (showing enactment of the 1974 Penal Code); Act of May 25, 2011, 82nd Leg., R.S., ch. 834 § 3, sec. 12.42(c)(1), 2011 Tex. Gen. Laws 2104, 2105 (showing the 2011 amendment adding the finality of conviction language to Section 12.42(c) ). Nonetheless, this Court has read-despite the former absence of such language in the statute indicating this was the Legislature's intent-a finality requirement, through the statute's use of the word "conviction," for enhancement purposes. See Arbuckle v. State , 132 Tex.Crim. 371, 105 S.W.2d 219, 219 (Tex. Crim. App. 1937) ("Before a prior conviction may be relied on to enhance the punishment in a subsequent case such prior conviction must be final.") (citing Brittian v. State , 214 S.W.351, 352 (Tex. Crim. App. 1919) (holding that convictions used to enhance "must be legal[,] and finally dispose of the case under which such convictions were secured") ).
--------