

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-84,786-01 & 84,786-02

### EX PARTE JEFFREY SHAWN POINTER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. CR07-300A & CR07-301A IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

The Court denies Applicant relief on a claim of illegal sentence premised on its recent holding in *Ex parte Pue*, 552 S.W.3d 226 (Tex. Crim. App. 2018). As the Court's per curiam opinion today makes clear, however, Applicant did not—strictly speaking—make such a claim. Even if he has somehow inferentially made a claim of illegal sentence of the kind we recognized in *Pue*,[1] he waited eight years from the time of his convictions to raise it.

Because I do not believe that such an illegal-sentence claim ought to be regarded as

---

[1] We filed and set this writ application and ordered the parties to brief the issue of whether *Pue* should be applied retroactively. *Ex parte Pointer*, Nos. WR-84,786-01 & WR-84,786-02, 2018 WL 4905424 (Tex. Crim. App. Oct. 10, 2018) (not designated for publication). Concluding that Applicant has not made an illegal sentence claim in any event, the Court finds it unnecessary to reach this issue after all.

available to raise for the first time in a post-conviction application for writ of habeas corpus, and because, in any event, such a claim should be regarded as barred by laches if an applicant waits too long to raise it, I concur in the Court's judgment to deny Applicant relief in this case. *See Ex parte Westerman*, 570 S.W.3d 731, 732–35 (Tex. Crim. App. 2019) (Yeary, J., dissenting) (arguing that a faulty-enhancement illegal sentence claim must be preserved by a trial level objection, and is also subject to rejection under the doctrine of laches). And I would not grant him relief on any of the claims he actually does make in his post-conviction writ application for the reasons the Court gives today.

FILED:                    December 11, 2019
DO NOT PUBLISH