

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1015-18

---

### RALPH DEWAYNE WATKINS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS NAVARRO COUNTY

---

**YEARY, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Article 39.14(a) governs the discovery of "evidence *material* to any matter involved in the action[.]" TEX. CODE CRIM. PROC. art. 39.14(a) (emphasis added). I entirely agree with Presiding Judge Keller when she concludes that "we should not substitute any of the many synonyms for 'material' found in dictionaries or thesauruses for the word the Legislature chose to use." Dissent of Presiding Judge Keller (hereinafter, "Dissent") at 3. The statute does not say "evidence *relevant* to any matter involved in the action[.]" It explicitly says "material."

The Court frames the process as one of discerning the apparent legislative *intent*. *See* Majority Opinion at 10 ("When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation."). Presiding Judge Keller responds in kind, and the two sides of this debate come to conflicting conclusions on the question of what the Legislature evidently *intended* to convey when it used the word "material." If I believed that to be the appropriate framework, I would agree with Presiding Judge Keller's observation that the legislature plainly considered amending the word "material" from the prior version of the statute to read "relevant," and it just as plainly rejected that option, choosing instead to retain the word "material" from the prior version of the statute; and that this choice reflected an evident legislative "intent or purpose" to adopt "a materiality standard rather than a standard of mere relevance." Dissent at 2. But I continue to resist the idea that statutory construction should routinely be a matter of judges discerning amorphous legislative *intent*.

We should construe a statute by focusing on the words actually used, themselves— here, "material"—rather than keying on some subliminal meaning shrouded in those words that we think, from our not-wholly-infallible judicial perspective, best implements the legislative purpose. By continuing to work within a constitutionally flawed framework, in which we purport to wrest out an evident legislative intent behind words actually used by the legislature, we risk violating our constitutional duty to avoid making the law. TEX. CONST. art. II, §1. The risk is simply too great that we will draw conclusions that really reflect our own attitudes about best policy choices, in derogation of the Legislature's constitutional prerogative to set policy by making the law. *Id.*; *see also Lang v. State*, 561 S.W.3d 174, 187–88 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("I continue to believe

that, if the literal language and structure of a statute render it of sufficient clarity that its proper construction cannot be reasonably doubted, it would improperly encroach upon the Legislative Department for this Court to engage in further construction of it."); *Ex parte Westerman*, 570 S.W.3d 731, 739 (Tex. Crim. App. 2019) (Yeary, J., dissenting) ("When Texas courts recognize that we have overstepped the constitutional mandate in Article II of our Texas Constitution and have become legislators ourselves, we should acknowledge our fault, and step rightly back to our place.").

Statutory law is what it says, not what the Legislature might have intended it to say. In the context of Article 39.14(a), the word "material" simply means "material"—no more and, certainly, no less. I respectfully dissent.


FILED:                              March 3, 2021
PUBLISH