

# NUMBER 13-23-00374-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LAWRENCE HERALD,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

## ON APPEAL FROM THE 329TH DISTRICT COURT
## OF WHARTON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Justice Silva**

A jury found appellant Lawrence Herald guilty of possession of four grams or more but less than 200 grams of fentanyl with intent to deliver, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). The jury found the State's enhancement allegation true and assessed punishment at life imprisonment. *See* TEX. PENAL CODE ANN.

§ 12.42(c). In what we construe as a single issue, appellant argues that he received ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel: (1) failed to convey a plea bargain offer; (2) failed to present mitigating evidence during the punishment phase; and (3) was "constructively absent from material phases of trial due to his incomprehensible speech." We affirm as modified.

## I. BACKGROUND

At the conclusion of a pretrial hearing on July 24, 2023, a week before trial, the following exchange occurred in open court in the presence of appellant and his trial counsel.

| [STATE]: | While we're still on the record, I think we made it clear previously at the suppression hearing. But the probation offer that was offered at one point was withdrawn at the time of the suppression hearing.[1] |
|---|---|
| THE COURT: | All right. I know. |
| | Okay. So we got a jury coming on Monday. I just heard the State say that the probation offer is no longer on the table. But I encourage you to talk. If y'all can resolve this between now and Monday, I'm always happy to schedule a plea hearing. |

The following Monday, the State again sought to make a record of the prior plea bargain offer at a bench conference in the presence of appellant and his trial counsel before the commencement of voir dire:

| [STATE]: | Yes, Your Honor. First of all, I believe it was put on the record at pretrial, but I wanted to verify [that a]t the suppression hearing . . . the defendant had been offered a probation matter on this case. That was turned down and that offer was pulled at the suppression hearing. The defendant and his attorney |

---

[1] There is no evidence in the record of any discussion regarding the State's plea bargain at the suppression hearing.

were advised that if the State proves the one enhancement, that he is looking at a minimum of fifteen years, and that was declined by defendant and his attorney.

THE COURT:      So the indictment contains [a]n enhancement paragraph alleging a prior conviction?

. . . .

Okay. So if they find the defendant guilty, and they find the enhancement paragraph to be true, the minim[um] is fifteen. So there's no probation.

[STATE]:      That's absolutely correct, Your Honor.

THE COURT:      Okay. We just want to make sure you understand that.

[APPELLANT]:      Okay. I really don't. Because that part about the probation and all that turned down, who turned that down?

THE COURT:      Well, you did.

[APPELLANT]:      No, I didn't. Ain't nobody offered me no probation. Only probation I get is a warrant probation.

. . . .

THE COURT:      We're going to take a break in a minute, and I want you to go talk to your lawyer.

[APPELLANT]:      Okay.

After a short break, the court resumed questioning about the prior plea offer. Appellant again denied that he was made aware of the State's plea offer, while the State and trial counsel both maintained that it had been communicated and rejected. When the court addressed trial counsel about the offer, trial counsel responded, "I remember conveying an offer" and began explaining to appellant, "The State wants you to plea to the drug, which you call drug manufacturing, and you said no. And they will give you—" appellant interjected, "I didn't say no to nobody. Nobody []ever asked me that."

3

After that exchange, trial counsel asked the appellant directly, "Do you want to take probation for six years?" Appellant responded that he would not take it and denied the allegations of the offense, stating "Six-year probation for something I didn't—I get these pills and stuff from my doctor. I get them legally. And the policeman got on the witness stand, he lie a whole lot of lies." The court responded, "And that's what we're about to have a trial over. All that." The court further stated to appellant, "Okay. You're going [to] have a chance to tell your story." The State noted that, in any event, appellant would not be able to go forward with the plea "because he's clearly indicated he's not guilty. He's not willing to plead guilty to this." In response to further questioning by the court, the State and trial counsel both maintained that the offer was communicated and rejected by appellant, and the matter proceeded to trial.

The jury found appellant guilty of the charged offense. During the punishment phase, the State called one witness, Deputy Constable Mark Somer. Deputy Somer testified to the identification of appellant's fingerprints in his penitentiary packet to verify his prior criminal history for enhancement purposes. Trial counsel called no witnesses and offered no evidence.[2] The jury assessed appellant's punishment at life in prison. Appellant filed a motion for new trial, which was overruled by operation of law, and this appeal ensued.

---

[2] The record reflects that the appellant failed to appear after the second day of trial and was found guilty in absentia. He likewise did not appear for the punishment phase of trial.

## II.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

### A.   Standard of Review and Applicable Law

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. "[A] person claiming ineffective assistance of counsel must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *Ex parte Covarrubias*, 665 S.W.3d 605, 609 (Tex. Crim. App. 2023) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

To satisfy the first prong, deficiency is established by "showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, considering the facts of the case viewed from counsel's perspective at the time of the representation." *Ex parte Garza*, 620 S.W.3d 801, 808–09 (Tex. Crim. App. 2021). The Texas Court of Criminal Appeals has routinely held that "claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). "On direct appeal, the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). In the absence of an explanation in the record for why counsel's conduct allegedly fell below this objective standard, we will "assume a strategic motivation if any can possibly be imagined" and not conclude that the challenged conduct constituted deficient performance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia*

*v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see Ex parte Westerman*, 570 S.W.3d 731, 731 n. 1 (Tex. Crim. App. 2019).

The appellant bears the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Perez v. State*, 689 S.W.3d 369, 381 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.). We employ a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance and that it was motivated by a sound trial strategy. *Strickland*, 466 U.S. at 689; *Hart v. State*, 667 S.W.3d 774, 781 (Tex. Crim. App. 2023). We consider "the reasonableness of counsel's actions at the time, rather than viewing such actions through the benefit of hindsight." *Hart*, 667 S.W.3d at 782.

To establish prejudice under the second prong, appellant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Accordingly, failure to make a showing under either *Strickland* prong defeats a claim for ineffective assistance. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (citing *Thompson*, 9 S.W.3d at 813).

## B.    Discussion

### 1.    Failure to Convey Plea Offer

By his first sub-issue, appellant argues that his trial counsel was ineffective based on counsel's alleged failure to convey the State's plea offer, and that he was not properly

6

advised by counsel regarding the potential consequences of proceeding to trial. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). To establish prejudice in a claim of ineffective assistance of counsel where an appellant is not made aware of a plea-bargain offer, or rejects a plea-bargain offer because of bad legal advice, an appellant must demonstrate a reasonable probability that: "(1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

With regard to his contention that trial counsel failed to convey the State's plea offer, we conclude that appellant failed to meet his burden. Appellant stated in open court that his trial counsel had not conveyed the plea bargain offer. However, his counsel stated that he remembered conveying an offer. The trial court questioned both extensively on this matter and we defer to the trial court's implied credibility finding in favor of trial counsel. *See Manzi v. State,* 88 S.W.3d 240, 243–44 (Tex. Crim. App. 2002) (discussing *Guzman v.* State, 955 S.W.2d 85, 87–89 (Tex. Crim. App. 1997)). However, even if trial counsel failed to convey the State's earlier plea bargain offer to appellant, appellant has failed to demonstrate any prejudice. Nothing in the record establishes a reasonable probability that appellant would have accepted the plea bargain offer. Rather, appellant rejected the offer in open court immediately prior to the commencement of trial. Thus, we cannot conclude, on this record, that appellant met his burden to show prejudice under *Strickland*. *See Tucker v. State*, 456 S.W.3d 194, 216–17 (Tex. App.—San Antonio 2014,

pet. ref'd) (holding that *Strickland*'s prejudice prong was not met where trial counsel represented that "appellant would not have accepted any offer that included jail time").

Appellant also alleges under this sub-issue that, owing to the ineffective assistance of his trial counsel, he was unaware that he would not be eligible for probation and would face at least a fifteen-year minimum term in prison if the jury found the enhancement to be true. He also suggests that he was not properly advised by counsel of his chances of prevailing at trial and that, had he been, he would have accepted the probation offer. There is no evidence in the record supporting appellant's contentions[3] and we may not presume deficient performance based on conjecture, nor can we presume that counsel's performance was deficient based upon a silent record. *See Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004); *Johnson*, 624 S.W.3d at 586.

Appellant has failed to make the requisite showing of either deficient performance or prejudice under *Strickland*, therefore defeating his claim for ineffective assistance on this sub-issue. We overrule appellant's first sub-issue.

## 2. Failure to Present Mitigating Evidence

In his second sub-issue, appellant asserts that trial counsel was ineffective by failing to present mitigating evidence during the punishment phase of trial. Appellant notes that trial counsel presented no evidence of any sort during the punishment phase of trial despite having filed with the trial court a notice of filing appellant's medical records with a

---

[3] We note that although not required to by law, *see* TEX. CODE CRIM. PRO. ANN. art. 26.13 (requiring judge to provide certain admonishments to defendant before a plea of guilty or nolo contendere); *Williams v. State*, 477 S.W.2d 607, 608 (Tex. Crim. App. 1972) (holding that judge has no duty to provide admonishments when defendant pleads not guilty), the trial court advised appellant at the bench conference prior to voir dire of both the fifteen-year minimum and the unavailability of probation should the jury find the enhancement to be true. Despite this warning, appellant subsequently declined to accept the six-year probation offer and insisted on going to trial.

8

business records affidavit,[4] as well as an affidavit from Misty Renee Garcia, who claimed to be appellant's stepdaughter, regarding ownership of some items seized by police. Appellant contends that the failure to introduce mitigating evidence—such as the information contained in the medical records and his stepdaughter's affidavit—at the punishment phase constitutes deficient performance and that this Court should presume harm.

At the outset of our analysis, we note that a hearing was not conducted on the motion for new trial and that appellant has not complained on appeal of the lack of such a hearing. As a consequence, we may not consider either the medical records or Garcia's affidavit.[5] *See Stephenson v. State*, 494 S.W.2d 900, 909–10 (Tex. Crim. App. 1973) ("An affidavit attached to the motion [for new trial] is but a pleading that authorizes the introduction of supporting evidence. It is not evidence in itself; and in order to constitute evidence it needs to be introduced as such at the hearing on the motion, which was not done in this case." (collecting cases)); *Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd) ("To constitute evidence, the affidavit must be introduced as evidence at the hearing on the motion [for new trial]," and holding that trial court may not take judicial notice of factual contents of documents filed with the court).

Additionally, appellant did not offer evidence regarding Garcia's availability to testify or that her testimony would have benefited appellant. *See Ex parte Ramirez*, 280

---

[4] *See* TEX. R. EVID. 902(10) (providing that certain business records are self-authenticating and may be admitted into evidence without extrinsic evidence of authenticity if the requirements of the rule are met).

[5] Appellant's notice of filing of medical records with business records affidavit was filed with the trial court by trial counsel but were not attached to his motion for new trial. Garcia's affidavit was attached to appellant's motion for new trial. Neither was introduced into evidence in open court for the trial court's determination of the motion for new trial.

S.W.3d 848, 853 (Tex. Crim. App. 2007) (holding that, to obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant "must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense") (quoting *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004)); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (declining to find counsel ineffective for failing to call witnesses during punishment where appellant did not demonstrate that the witnesses were available or that he would benefit from their testimony).

As the unoffered evidence is not properly before us, we take no position on whether it was mitigating, but we note that the failure to present mitigating evidence is not per se defective performance. *See Ex parte Woods*, 176 S.W.3d 224, 226 (Tex. Crim. App. 2005) (stating that "*Strickland* does not require defense counsel to investigate each and every potential lead, or present any mitigating evidence at all"). In this case, as in many cases, "the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003) (quoting *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Even so, trial counsel had no opportunity to explain his conduct. We also note that he performed in the absence of appellant, who failed to appear for the last day of the guilt-innocence phase and for the entirety of the punishment phase. Even if we could consider any of the cited evidence, we can imagine valid strategies exist supporting trial counsel's actions at the punishment phase in not presenting such evidence, especially in light of appellant's absence from trial. We are required to indulge in the strong presumption that trial counsel's performance falls within the wide range of reasonable professional

assistance. *Strickland*, 466 U.S. at 689. Based upon the limited record before us, we cannot conclude that appellant has established that trial counsel's performance fell below an objective standard of reasonableness. *See Hart*, 667 S.W.3d at 782–83 (refusing to find ineffective assistance where counsel had no opportunity to explain his actions, and assuming strategic motive).

Appellant has not satisfied the first prong of *Strickland*, thereby defeating his ineffectiveness claim. *See Strickland*, 466 U.S. at 700. We overrule appellant's second sub-issue.

### 3. Constructive Absence

In his last sub-issue, appellant contends that his right to effective assistance of counsel was violated because his trial counsel was "constructively absent" from material phases of trial due to counsel's "incomprehensible speech." Specifically, appellant argues that trial counsel was ineffective due to being "unable to functionally communicate with the jury" because trial counsel spoke with a "heavy accent," "appear[ed] not to be fluent in English," and could not have "basic communication with the parties involved in [the] trial proceeding." Appellant relies on two portions of the record in support of his contention.

Appellant first cites to an affidavit attached to his motion for new trial that contains factual allegations outside the trial record—specifically, the impressions of a non-party attorney who claimed that she "observe[d] some of the proceedings" but "could not understand most of what [trial counsel] actually said" because of his "extremely thick accent." *See* TEX. R. APP. P. 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record.").

However, we cannot consider that affidavit because it was not introduced into evidence during a hearing on the motion. *See Stephenson*, 494 S.W.2d at 909–10; *Jackson*, 139 S.W.3d at 20. As noted above, no such hearing was held, and appellant has not complained about the lack of a hearing on appeal. Thus, we may not consider the cited affidavit.

Appellant's remaining citation to the record is an exchange between trial counsel and a witness during a hearing on appellant's motion to suppress held several months before trial.[6] This exchange was neither at trial nor in the presence of the jury and provides no evidence that the jury could not understand appellant's counsel at trial.

Based on the record before us, appellant has not established his claim of ineffective assistance of counsel based on trial counsel's alleged "incomprehensible speech." We overrule his third sub-issue.

### III. MODIFICATION OF JUDGMENT

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* Tex. R. App. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm it as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth."); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). The judgment of conviction erroneously states that the "Date Sentence Imposed" was August 3, 2023. However, the sentence was imposed in open court on August 15, 2023. We

---

[6] The trial court heard appellant's motion to suppress on March 13, 2023. The jury was empaneled and sworn on July 31, 2023.

modify the trial court's judgment to instead list the following under "Date Sentence Imposed": "August 15, 2023." *See* TEX. R. APP. P. 43.2(b); *French*, 830 S.W.2d at 609; *Bigley*, 865 S.W.2d at 27.

## IV. CONCLUSION

We affirm the trial court's judgment as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
12th day of December, 2024.