

# In the Court of Criminal Appeals of Texas

No. PD-0222-22

JEREMIAH NAVARRO, *Appellant*

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the First Court of Appeals
Comal County

YEARY, J., filed a concurring opinion in which SCHENCK, P.J., joined.

I concur in the judgment of the Court and join all except Part II(C)(1) of its opinion. When this Court badly misconstrues statutory language, I do not think any interest in "maintaining consistency" compels us to confer authoritative value on that judicial mistake. *See Ex*

*parte Westerman*, 570 S.W.3d 731, 739 (Tex. Crim. App. 2019) (Yeary, J., dissenting) ("So, should we follow this precedent even though it is manifestly in conflict with the language the Texas Legislature adopted in the statute? In my view, a strong argument can be made that we should not. When Texas courts recognize that we have overstepped the constitutional mandate in Article II of our Texas Constitution and have become legislators ourselves, we should acknowledge our fault, and step rightly back to our place."); *cf. Ex parte Thomas*, 623 S.W.3d 370, 384−85 (Tex. Crim. App. 2021) (Yeary, J., concurring) ("[T]he typical formulation of the *stare decisis* standard does not comport with our judicial duty . . . because it elevates demonstrably erroneous decisions—meaning decisions outside the realm of permissible interpretation—over the text of the Constitution and other duly enacted federal law.") (quoting *Gamble v. United States*, 587 U.S. 678, 711 (2019) (Thomas, J., concurring)). When we are faced with an opinion that is demonstrably erroneous, Article II of our state constitution prohibits us from giving more authoritative value to the erroneous opinion than to the statutory or constitutional text. *See* TEX. CONST. art. II, § 1 (Texas' own distinctive division of powers provision). Under the constitutional system that vests us with all of our authority to act, we judges are not empowered to make law. That is the role of a different department of government.

Moreover, I can hardly think of a more corrupting influence on judges than to assure them that, no matter how badly they misconstrue the text of a statute or constitutional provision, the judges that next construe the same provision will protect and defend their erroneous construction as if it were the actual law. Human nature affects us all—

judges included. We should not perpetuate a system that encourages hubris from the judiciary, but instead humility. We should reward any disregard for the clear import of statutory or constitutional text with prompt disavowing or overruling. And we should do so at the earliest possible opportunity. Even those precedents that suggest following the traditional understanding of *stare decisis*[1] explain that the longer an erroneous opinion remains unchallenged the greater the reason to follow it despite its corruption of the actual law. *See Montejo v. Louisiana*, 556 U. S. 778, 792−93 (2009) ("[T]he relevant factors in deciding whether to adhere to the principle of *stare decisis* include the antiquity of the precedent[.]"). As far as I am concerned, the judges of this country and of this state need to enforce less *stare decisis* and more *recte decide*.[2] This. Is. The. Way.[3]

I readily agree with the Court's conclusion that *Bowen v. State*, 162 S.W.3d 226 (Tex. Crim. App. 2005), misconstrued Section 9.22 of the Texas Penal Code, TEX. PENAL CODE § 9.22, for all the compelling reasons catalogued in Parts II(C)(2) and II(C)(3) of its opinion today, which I join. I only disagree with Part II(C)(1) to the extent that it continues to suggest we are constrained from overruling erroneous precedent unless we first consider all the various factors the Court

---

[1] Latin for "stand by things decided." BLACK'S LAW DICTIONARY, at 1707 (12th ed. 2024).

[2] My own attempt to say in Latin: "make the right decision."

[3] Of course, the judiciary is by design a hierarchy. Lower courts remain bound by "rules of decision" announced by higher courts. But they must also remain free to respectfully offer sound criticism while appropriately following controlling precedents.

enumerates. Majority Opinion at 12−14. For me, it is enough simply to recognize that our prior construction of the statute was demonstrably erroneous.

**FILED:**                                                   November 6, 2025
**PUBLISH**